Harry B. Frank, J.
This is a motion by defendant dismissing the complaint for failure to state a cause of action, or alternatively for summary judgment dismissing the complaint, or alternatively to strike out certain matters as irrelevant and prejudicial.
The action is to compel defendant, a funeral establishment, by way of injunctive relief to comply with section 3440-a of the Public Health Law, by rendering, delivering or furnishing to a person arranging a funeral an itemized memorandum or written statement that lists the price of each item of service and merchandise furnished by said defendant. Said section reads:
‘1 Every person licensed pursuant to this article, including funeral directors and funeral establishments, shall furnish at the time funeral arrangements are made for the care and disposition of the body of a deceased person, a written statement showing thereon the price of the funeral, which shall include an itemized list of the services and merchandise to be furnished for such price and a statement of the cash advances and expenditures to be advanced.”
Defendant’s memorandum fixed the price of the funeral at $450 and itemizes the services as follows: “ Including: our pro-» fessional services, preparation and care; arrangement and direction of the funeral; preparation and filing of necessary authorization and consents; our personnel; use of necessary equipment and establishment facilities; local removal; hearse and a limousine to a local cemetery; our personal service and attendance and casket as selected $450.
“ PI shroud n/c
Total of our charges $450 ” The memorandum also lists the following disbursements — “ Grave Opening $75.00; Transcripts (6) 7.00
It is beyond dispute that, prior to the enactment of section 3440-a, there were abuses in the funeral industry in connection with the cost of funerals. Formerly, funeral establishments, funeral directors and undertakers would deliver an ‘‘ itemized bill or statement ” of the deceased’s funeral bill to the bereaved family. These “ itemized bills or statements ” listed each item that comprised the funeral and stated the price or charge for same. In this respect, if the bereaved family desired to omit certain items in the funeral it could be done and a corresponding reduction in price would result.
However, there followed into wide special use in the funeral industry, a new method of billing, which was called a ‘ ‘ package price funeral ” or “ unit-pricing ”. This selling was a method whereby the selection of a coffin or casket was the determining *799 price factor. The funeral arranger would select a casket in a so-called casket display room, and whichever casket selected contained a marked price. This usually represented the entire cost of this funeral and no omissions or substitutes were permitted, or, if they were permitted, there would be no resulting decrease in the cost of the funeral. Usually these items included (1) removal of the remains to funeral chapel; (2) embalming or preparation of remains; (3) coffin or casket; (4) hearse; (5) one limousine; (6) use of chapel facility; (7) announcement and acknowledgement cards; (8) funeral director services; (9) securing burial permits and other papers. But this did not prevent establishments in the funeral industry from obtaining additional sums for further items, which the funeral arranger believed was covered in the price.
If the family did not desire a limousine or embalming of the remains, there would be no reduction in price, since these items are included in the funeral package.
Honorable Louis J. Lefkowitz, the Attorney-General, sponsored section 3440-a of the Public Health Law, after an extensive investigation following complaints by the public of price gouging in funeral arrangements. His primary purpose was to eliminate “package priced ” or “ unit-pricing ” practices of funeral directors, undertakers and the funeral establishments and its resultant evils. A letter to the counsel of the Majority Leader of the Senate dated March 23, 1964, by the Principal Attorney of the Department of Health, which department has jurisdiction over funeral directors, undertakers and funeral establishments, clearly states the intention of the enactment of this statute by requiring ‘ ‘ Funeral Directors to furnish to those arranging for funeral services an itemized statement of the merchandise and services and the charge therefor included in the agreed price for the funeral services ’ ’.
Defendant argues that it has complied with the statute; that the statute does not support plaintiff’s contention that the price of the funeral must be subdivided among specific items of service; that the statute clearly contemplates the statement of a single price for the funeral and an explanatory enumeration of the services and merchandise to be furnished for “ such price ’ ’; that the statement is to show ‘1 the price of the funeral ’ ’, not the price of each item. The itemized list is to set forth the “ services and merchandise to be furnished for such price ”, not the separate price of each item.
Plaintiff’s reliance on a literal reading of the statute is misplaced, in the light of the reasons which caused its enactment, and the abuses it sought to overcome. *800 The courts are not bound to follow the literal wording of a statute where “ literal construction of the statute would produce a result which the Legislature plainly did not intend ” (Matter of Russo v. Valentine, 294 N. Y. 338, 342).
It is fundamental that “ ‘ The intent of the Legislature in enacting legislation is the primary object to be found. Whenever such intention is apparent it must be followed in construing this statute. * * * “ * * * a thing which is within the letter of the statute is not within the statute unless it be within the intention of the lawmakers * * *. It is a familiar legal maxim that 1 he who considers merely the letter of an instrument goes but skin deep into its meaning, ’ and all statutes are to be construed according to their meaning, not according to the letter ” ’ ’’ (Matter of Astman v. Kelly, 2 N Y 2d 567, 572).
The contemplation and intention of the Attorney-General in proposing this bill to the Legislature was to prohibit and eliminate the primary discovered evils and price-gouging techniques relative to funeral arrangements, and to prohibit and eliminate “package or unit price bills ” so that a consumer would have knowledge of what items a funeral director, undertaker, or funeral establishment was furnishing and the cost of same, along with the total price, so that negotiations can be initiated by the consumer in the event it is not compatible with his assets or insurance proceeds. To hold otherwise, would only sanction and perpetuate the price-gouging practices of certain practices of certain funeral directors, undertakers, or funeral establishments, and totally close our eyes to the previous customs and practices of the funeral industry found to be existing at the commencement of the Attorney-General’s funeral industry investigation.
Defendant’s statement is not in compliance with the section but in violation thereof. It fails to list the price of each item of service and merchandise furnished.
Defendant’s motion is denied, and summary judgment is granted plaintiff for the relief demanded in the complaint. '