OPINION OF THE COURT
M. Holt Meyer, J.
On April 16, 1979, the Grand Jury of Kings County found reasonable cause to believe that respondents herein had committed acts which, if done by a person over the age of 16, would constitute the crimes of petit larceny (Penal Law, § 155.25), criminal possession of stolen property in the third degree (Penal Law, § 165.40), assault in the third degree (Penal Law, § 120.00), and harassment (Penal Law, § 240.25).[1] Because none of the afore-mentioned would constitute indictable offenses, the Grand Jury voted to file a request to remove these charges to Kings County Family Court (CPL 190.71, subd [b]). The Supreme Court (Cooper, J.), having found the request to be proper and sufficient on its face, issued an order approving said request and directed that the charges be removed to this court in accordance with the provisions of CPL article 725 (CPL 190.71, subd [d]).
On April 23, 1979, petitions were filed in the above-captioned matters in the Intake A Part of Kings County Family Court. The office of Corporation Counsel of the City of New York appeared in support of the petitions and the Legal Aid Society was appointed to represent both respondents for the purpose of arraignment only.[2] Stayed warrants were then issued for respondents and their parents (Family Ct Act, §§ 153, 738; but see Matter of Sharon H., 83 Misc 2d 55), since they had failed to appear at the arraignment in this court, per the Supreme Court order of April 16, 1979. The case was then adjourned to May 9, 1979.
*341 On the adjourned date, the two respondents and their mothers made timely appearances in this court as did the Assistant Corporation Counsel and the Law Guardian (Legal Aid Society) for respondent, Royce C. Corespondent’s attorney was actually engaged in Supreme Court and therefore these matters were adjourned to June 6, 1979.
On that date, with both respondents and their mothers present, the Assistant Corporation Counsel informed the court that he was not ready to proceed to trial, since the complaining witness had failed to appear. Motions were therefore made on behalf of both respondents to dismiss the instant petitions. These motions are now before the court and are the subject of this decision.
Respondents argue for dismissal on two grounds. First, they object to the sufficiency of the instant petitions and claim that they are defective on their face. Secondly, respondents contend that their due process rights to a speedy trial (US Const, 6th Arndt) have been violated by petitioner’s delay in prosecuting these cases.
To decide the instant motion, the court is initially referred to certain 1978 amendments to the CPL and the Family Court Act. (L 1978, ch 481, eff Sept. 1, 1978.) Specifically, the court’s attention is drawn to CPL 725.05 (L 1978, ch 481, §44) and section 731 of the Family Court Act (L 1978, ch 481, § 48). The pertinent language of these two statutes reads as follows:
"When a court directs that an action or charge is to be removed to the family court the court must issue an order of removal in accordance with this section. Such order must be as follows:
"1. It must provide that the action or charge is to be removed to the family court of the county in which such action or charge was pending, and it must specify the section pursuant to which the removal is authorized * * *
"4. Where the direction is authorized pursuant to section 190.71 of this chapter, the court shall annex to the order as part thereof a certified copy of the grand jury request * * *
"8. The order of removal must direct that all of the pleadings and proceedings in the action, or a certiñed copy of same be transferred to the designated family court and be delivered to and died with the clerk of that court For the purposes of this subdivision the term 'pleadings and proceedings’ includes the minutes of any hearing inquiry or trial held in the action, *342 the minutes of any grand jury proceeding and the minutes of any plea accepted and entered.” (CPL 725.05, subds 1, 4, 8; emphasis added.)
"When an order of removal pursuant to article seven hundred twenty-five of the criminal procedure law is filed with the clerk of the court [i.e., Family Court] such order and the pleadings and proceedings transferred with it shall be and shall be deemed to be a petition died pursuant to subdivision one of this section containing all of the allegations therein required notwithstanding that such allegations may not be set forth in the manner therein prescribed”. (Family Ct Act, § 731, subd 3; emphasis added.)
In reading these two provisions together, the procedure for the removal of a charge or action from Criminal or Supreme Court to Family Court seems to be quite clearly delineated. In fact, the words of these statutes are so free of ambiguity that they are capable of but one definite and intelligible construction, leaving the court with no discretion but to give full effect to the legislative intent as so expressed. (City of Rochester v Public Serv. Comm. of State of N. Y., 192 Misc 33, affd 275 App Div 172, rearg den 275 App Div 972, affd 301 NY 801; see, also, McKinney’s Cons Laws of NY, Book 1, Statutes, § 76.) To put it simply, when a case is removed to Family Court, not only is the order of removal to be transferred, but also the pleadings and proceedings upon which the case was prosecuted in the other court or courts. By definition, " 'pleadings and proceedings’ includes the minutes of any hearing inquiry or trial held in the action, the minutes of any grand jury proceeding and the minutes of any plea accepted and entered.” (CPL 725.05, subd 8.) Furthermore, unless these documents are transferred and filed with the Clerk of the Family Court, a delinquency petition cannot be filed pursuant to section 731 of the Family Court Act. Otherwise, whatever papers are filed will be and will be deemed to be insufficient as a petition under subdivision 1 of section 731.
It is argued, however, that the procedural requirements of CPL 725.05 and section 731 of the Family Court Act are inconvenient and difficult, if not, almost impossible, to implement. The court is therefore urged to recognize the practical burdens created by these statutes and to overlook their mandatory nature[3] so as to accommodate the agency[4] whose duty it *343 is to comply with these prescriptions. The court, however, is precluded from providing such an accommodation, which would amount to the court acting in a legislative capacity. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 73.) "A statute must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration” (Lawrence Constr. Corp. v State of New York, 293 NY 634, 639; see, also, Allen v Minskoff, 38 NY2d 506; People v Women’s Christian Assn. of Jamestown, 56 AD2d 101).
In the above-captioned cases, the charges were removed to this court from Kings County Supreme Court, accompanied by the Grand Jury request for removal and the order directing same. The minutes of the Grand Jury proceeding and of any and all other proceedings heretofore held in these matters were not forwarded, nor were the original pleadings. Wherefore, the petitions now before the court are defective on their face and fail to give the court jurisdiction to hear the cases.[5]
*344 Accordingly, it is ordered: (1) that respondents’ motions be granted on the ground that the instant petitions are defective on their face and jurisdictionally insufficient; and (2) that the instant petitions be dismissed without prejudice; and (3) that respondents’ motions to the extent they are grounded on the right to a speedy trial are dismissed as academic; and, finally (4) that the bail set and continued on both respondents be exonerated.

. It should be noted that harassment is a violation and not a crime (Penal Law, § 10.00, subds 3, 6). Therefore, the removal request was actually improper in this regard and should have been at least partially disapproved by the Supreme Court, since only charges alleging crimes are to be removed. (CPL 190.71, subd [b].) However, quaere whether such a removal order becomes the law of the case, thus forcing this court to exercise jurisdiction over said violation which it otherwise recognizes as beyond its subject-matter jurisdiction? In light of today’s decision, the court does not reach this question.

. Respondent, Martin D., informed the court on May 9, 1979, that he had retained private counsel. Thereafter, on June 6, 1979, the same respondent indicated that he was unable to afford retained counsel and so the court appointed an attorney to represent him pursuant to article 18-B of the County Law.

. CPL 725.05 (subd 8) states that the Criminal or Supreme Court must direct that *343 all pleadings and proceedings be transferred. Subdivision 3 of section 731 of the Family Court Act states that the order of removal and the pleadings and proceedings shall be a petition under subdivision 1 of section 731. The court is therefore constrained to follow these provisions. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 171.) It should be noted, however, that the court does not rest its construction of these sections solely on the fact that words are used which are normally denominated as mandatory. (Stone v Pratt, 90 Hun 39; Lavanant v Lovelace, 68 Misc 2d 734.) Its reliance is primarily on the intent of the Legislature (People ex rel. Lefever v Supervisors of Ulster County, 34 NY 268), which in rather plain language (McKinney’s Cons Laws of NY, Book 1, Statutes, § 94) has formulated a procedure to facilitate removal, while protecting respondent’s rights to notice of the charges against him, effective representation of counsel, the right to confrontation and cross-examination. (Matter of Gault, 387 US 1.) The Legislature is presumed to have known that in the bifurcated system it has devised respondents in Family Court are often represented by a different attorney than in the Criminal or Supreme Court. Therefore, if there were a removal upon insufficient papers causing the Family Court record to be deficient in indicating what had preceded in another court, some of respondent’s rights may be lost or needlessly delayed because of the extra burden placed on his attorney to discover the procedural history of the case, as well as the existence of evidentiary materials previously produced. Thus, the court cannot be convinced that in this area of due process rights the Legislature would intend anything but strict adherence to the procedural safeguards it had created.

.1.e., the District Attorney or Corporation Counsel. (Family Ct Act, § 254-a.) Since they are charged with presenting the petition, it would be their responsibility to insure that it is at least sufficient on its face.

. The Assistant Corporation Counsel has argued that he should not be penalized for faulty removals to this court. However, the court finds that the Assistant *344 Corporation Counsel does have an obligation to present a legally sufficient petition or request time to cure any defect.