OPINION OF THE COURT
Nicholas L. Pit aro, J.
On August 16, 1979, the court reserved decision on that branch of respondent’s motion dated August 9, 1979 seeking dismissal of the charges of assault in the second degree and criminal possession of a weapon in the fourth degree, as a consequence of the Criminal Court’s failure in its order of removal to allege facts sufficient to establish the above crimes.
In the order of removal from the Criminal Court dated July *855 9, 1979, pursuant to CPL 180.75 (subd 4, par [a]) respondent is charged with committing the following act: "Did stab Alan after a fist fight between the two youths.” No minutes or supporting affidavit were attached to the petition, but a proper felony complaint, containing all of the necessary allegations and setting forth the necessary details for the alleged crimes of assault and criminal possession of a weapon, as afore-mentioned, was duly attached to the transfer paper from Criminal Court.
Removal of an action from the Criminal Court to the Family Court is governed by the provisions of CPL article 725.
CPL 725.05 regarding orders of removal, reads in pertinent part:
"When a court directs that an action or charge is to be removed to the family court the court must issue an order of removal in accordance with this section. Such order must be as follows: * * *
"3. Where the direction is authorized pursuant to subdivision four of section 180.75 of this chapter, it must specify the act or acts it found reasonable cause to allege.” (Emphasis added.)
The statutory language of CPL 725.05 (subd 3) mandates that the order of removal "must specify the act or acts it found reasonable cause to allege.”
Respondent moves to dismiss the within petition in the Family Court, "because of the Criminal Court’s failure in its transfer paper to allege sufficient facts to establish the above crimes”. In essence the respondent alleges that the petition now before this court is insufficient on its face and should be dismissed. Certainly the order of removal per se is defective on its face because it does not charge or spell out any fact or facts which would constitute a crime if committed by a juvenile (see Family Ct Act, § 731, subd 1). Therefore, unless the facts alleged in the order of removal as afore-mentioned may be supplemented or amplified by other pleadings attached to the transfer papers the motion to dismiss must be granted.
The other relevant statutory authority dealing with a Family Court juvenile delinquency petition after an order of removal is made is contained in subdivision 3 of section 731 of the Family Court Act.
Subdivision 3 of section 731 of the Family Court Act reads, in pertinent part: "When an order of removal pursuant to *856 article seven hundred twenty-five of the criminal procedure law is filed with the clerk of the court such order and the pleadings and proceedings transferred with it shall be and shall be deemed to be a petition filed pursuant to subdivision one of this section containing all of the allegations therein required notwithstanding that such allegations may not be set forth in the manner therein prescribed.” (Emphasis added.)
The language of Family Court Act is clear. The removal order and the pleadings and proceedings transferred with it are to constitute the Family Court petition. "Pleadings” is defined by Black’s Law Dictionary (4th ed) as, "the formal allegations by the parties of their respective claims and defenses, for the judgment of the court.”
In a criminal matter a "felony complaint” is a verified written accusation which contains the allegations made against the respondent (CPL 100.15). As such, a "felony compaint” such as the one annexed to the order of removal in this proceeding constitutes a pleading. The felony complaint in the instant proceeding is sufficient on its face as it designates the offenses charged and contains a statement of the complainant alleging facts of an evidentiary character which tend to support the charges. (CPL 100.15; People v Palmieri, NYLJ, Nov. 13, 1978, p 6, col 3; People v Fletcher Gravel Co., 82 Misc 2d 22.)
Therefore, in the instant proceeding the order of removal when taken together with the felony complaint áre a proper and sufficient petition in the Family Court (Family Ct Act, § 731, subd 3).
The respondent’s motion to dismiss petition for insufficiency is accordingly denied. This proceeding is to be recalendared for trial in Part III on September 21, 1979.