OPINION OF THE COURT
Richard D. Huttner, J.
The respondent was indicted with an alleged accomplice on May 11, 1979, by the Grand Jury, Kings County, for the *897 crimes of robbery in the first degree (2 counts) and robbery in the second degree. The matter was then removed to the Family Court, Kings County, pursuant to CPL 210.43.
At the Family Court arraignment, the Law Guardian demanded copies of the minutes of the Grand Jury proceeding wherein respondent was indicted. Citing CPL 725.05 (subd 8) and subdivision 3 of section 731 of the Family Court Act as authority, the Law Guardian claims the Grand Jury minutes are deemed part of the juvenile delinquency petition. Opposing the demand, the District Attorney cites the secrecy provisions of CPL 190.25 (subd 4) as the basis for denying the demand. The Law Guardian further contends that the respondent is denied due process by virtue of the District Attorney’s declination of his demand for the Grand Jury minutes. Perforce, he moves to dismiss the petition. I will address the statutory argument first.
CPL 725.05 (subd 8) states: "The order of removal must direct that all of the pleadings and proceedings in the action, or a certified copy of same be transferred to the designated family court and be delivered to and filed with the clerk of that court. For the purposes of this subdivision the term ’pleadings and proceedings’ includes the minutes of any hearing inquiry or trial held in the action, the minutes of any grand jury proceeding and the minutes of any plea accepted and entered” (emphasis added).
In all cases removed to the Family Court no formal juvenile delinquency petition is filed. Instead, subdivision 3 of section 731 of the Family Court Act provides: "When an order of removal pursuant to article seven hundred twenty-five of the criminal procedure law is filed with the clerk of the court such order and the pleadings and proceedings transferred with it shall be deemed to be a petition filed pursuant to subdivision one of this section containing all of the allegations therein required notwithstanding that such allegations may not be set forth in the manner therein prescribed” (emphasis added).
CPL 190.25 (subd 4) states: "Grand Jury proceedings are secret, and no grand juror, other person specified in subdivision three of this section or section 215.70 of the penal law, may, except in the lawful discharge of his duties or upon written order of the court, disclose the nature or substance of any grand jury testimony, or any decision, result or other matter attending a grand jury proceeding. For the purpose of *898 assisting the grand jury in conducting its investigation, evidence obtained by a grand jury may be independently examined by the district attorney, members of his staff, police officers specifically assigned to the investigation, and such other persons as the court may speciñcally authorize. Such evidence may not be disclosed to other persons without a court order. Nothing contained herein shall prohibit a witness from disclosing his own testimony” (emphasis added).
In order to reach a decision with regard to the issue presented, some insight into Grand Jury history is helpful. The Grand Jury has its roots in 12th century England, and independence from the control of the Crown and the judiciary has persisted since its establishment. (Costello v United States, 350 US 359; Goodman v United States, 108 F2d 516.) Since the birth of our Nation, this heritage has endured as the cornerstone of our criminal justice system by virtue of the Fifth Amendment to the Constitution of the United States of America. The secrecy encompassing Grand Jury proceedings has been its hallmark since its inception, and is considered an essential core ingredient of Grand Jury purposes. (Pittsburgh Plate Glass Co. v United States, 360 US 395; People v Di Napoli, 27 NY2d 229; People v Oldring, 42 AD2d 737; Matter of Goldberg v Extraordinary Special Grand Juries, Onondaga County, 98 Misc 2d 624; Matter of Kinsella v Andreoli, 95 Misc 2d 915.)
The New York State Court of Appeals, in People v Di Napoli (supra), recognized that the canopy surrounding the secrecy of Grand Jury proceedings is not mere historical ornamentation, but vital to its pursuits. The court noted that the climate of secrecy served as the keystone of the Grand Jury system. The Grand Jury functions in an essential role in the promotion of law enforcement and crime prevention. It shields not only the accused from the disclosure and exploitation of testimony given against him, but additionally, safeguards the accuser and witnesses from public exposure. (People v Di Napoli, supra.)
The primary reasons most often cited for the secrecy of Grand Jury minutes are: (1) prevention of flight by a defendant who is about to be indicted; (2) protection of the grand jurors from interference from those under investigation; (3) prevention of subornation of perjury and tampering with prospective witnesses at the trial to be held as a result of any indictment returned by the Grand Jury; (4) protection of an *899 innocent accused from unfounded accusations if in fact no indictment is returned and; (5) assurance to prospective witnesses that their testimony will be kept secret so they will testify freely (People v Di Napoli, supra).
So important is the element of secrecy to the public policy of the State of New York that, the confidentiality of Grand Jury proceedings has been codified in CPL 190.25. Moreover, the secrecy requirements of Grand Jury proceedings has been further implemented by the enactment of sections 325, 326 and 329 of the Judiciary Law. Further sanctions are contained in section 215.70 of the Penal Law declaring it to be a class E felony to unlawfully disclose Grand Jury testimony.
Recognizing the need for secrecy, respondent’s attorney contends that should the minutes be furnished to respondent, section 166 of the Family Court Act and rule 2830.9 of the local Family Court Rules (22 NYCRR 2830.9) will insure the inviolability of the Grand Jury proceeding. This argument is fallacious. Although these sections veil Family Court proceedings from general public scrutiny, they still would not prevent statutorily unauthorized disclosure of the Grand Jury minutes. Family Court confidentiality of records would not preclude, for example, the Probation Department, court personnel, respondent, respondent’s attorney (and all his agents and employees) from access to the Grand Jury minutes.
Respondent relies heavily on a literal reading of CPL 725.05 (subd 8) and subdivision 3 of section 731 of the Family Court Act, and further argues that they must be strictly construed, as they are penal statutes. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 271.) A penal statute is defined as one that "inflicts a penalty for its violation”. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 273.) Subdivision 3 of section 731 of the Family Court Act and CPL 725.05 (subd 8) are procedural, and not penal in nature, and need not therefore be strictly construed. In fact, section 111 of McKinney’s Statutes authorizes the court in proper case to depart from a literal construction of a statute as long as the legislative intent is given effect. (People ex rel. Westchester Fire Ins. Co. v Davenport, 91 NY 574.)
No specific legislative intent can be determined.* By reading CPL 725.05 (subd 8) and subdivision 3 of section 731 of the *900 Family Court Act literally, and permitting respondent access to the Grand Jury minutes, would in effect grant juvenile offenders greater rights than afforded adult defendants, whose rights to the minutes are statutorily proscribed.
A more reasonable view of the purpose of the physical transfer to Family Court of the Grand Jury minutes is made clear by the language of CPL 725.10 (subd 2) which states: "Upon the filing of an order of removal in a criminal court the criminal action upon which the order is based shall be terminated, and there shall be no further criminal proceedings in any criminal court * * * All further proceedings including motions and appeals shall be in accordance with laws pertaining to the family court” (emphasis added). Plainly, there is but one court having jurisdiction once a removal is effected. The exclusive jurisdiction resides in the Family Court. The Supreme Court is no longer accessible for any relief whatever.
This statute ameliorates the problem faced in Matter of Gold v Quinones (37 AD2d 618) wherein the Family Court respondent was required to engage in the convoluted procedure of requesting the production of the Grand Jury minutes by applying to the Supreme Court for the relief. If the jurisdiction over the minutes remained with the Supreme Court, the respondent would have no mechanism to inspect the minutes (CPL 210.30, subd 2). This dilemma is avoided by physically transferring the minutes to the Family Court so they will be available. A court in construing a law will sometimes be guided more by its purposes than by its phraseology. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 96.)
Courts are not bound to follow the literal wording of a statute where literal construction will produce a result that the Legislature plainly did not intend. (State of New York v Garlick Parkside Mem. Chapels, 55 Misc 2d 797, affd 30 AD2d 143; People v Ryan, 274 NY 149.) Permitting full disclosure of Grand Jury minutes to the respondent, his counsel and his counsel’s agents, would result in catastrophic and ominous results, which the courts of our country and England have over the ages diligently sought to avoid. This could not have been the intent of the Legislature.
By enacting CPL 725.05 (subd 8) the Legislature intended to provide the Family Court Judge with the Grand Jury minutes and not the respondent. A different interpretation of the meaning of subdivision 3 of section 731 of the Family Court *901 Act and CPL 725.05 (subd 8) would in effect render the secrecy provisions of the CPL impotent. Any other construction would require this court to blithely cast aside not only statutory prohibition, but legal tradition, as excess historical baggage and depart from 800 years of historic precedent that is bedrock in Anglo-American jurisprudence.
One further argument made by respondent’s counsel must be disposed of, and that is by denying him minutes of the Grand Jury proceedings, he is being denied due process since subdivision 3 of section 731 of the Family Court Act deems "pleadings and proceedings” to be the petition. It is well established that juvenile delinquency proceedings in the Family Court are quasi-criminal in nature and effect, and consequently must comply with the same due process safeguards applicable to adults in criminal proceedings. (Matter of Win-ship, 397 US 358; Matter of Gault, 387 US 1.)
Do the documents contained in the removal file and furnished the respondent, absent the Grand Jury minutes, fulfill minimum standards of due process? Due process requires that a defendant in a criminal action be informed of the nature and cause of the accusation.
This encompasses two distinct guarantees: (a) a criminal statute must define the offense in terms sufficient to advise the reader of the acts which come within its scope; (b) the pleadings and proceedings, or petition, must inform the accused in clear and unambiguous language, of the offense with which he is charged under the statute. Both are essential to prepare a defense and protect later from double jeopardy. (Antieau, Modern Constitutional Law, § 5:5; Matter of Funston, 133 Misc 620.) In examining the contents of the documents constituting the "pleadings and proceedings” transferred from the Supreme Court, it is apparent that the respondent’s delicate due process rights are not denied.
Two of the documents transferred from the Supreme Court are the felony complaint and the order of removal. These documents state the authority for removal, the offenses charged and the respondents underlying acts. In addition they contain the time, date and place of the commission of such acts, as well as the complainant’s name and address. The foregoing documents amply satisfy due process.
Accordingly, the respondent is not entitled to have a copy of the Grand Jury minutes served upon him as part of the petition. His motion to dismiss the petition is denied and he is *902 directed to proceed to a fact-finding hearing in Part IV March 21, 1980.

 There is no legislative bill jacket, nor does the Legislative Annual contain this information.