In the Matter of GLENFORD S., a Person Alleged to be a Juvenile Delinquent, Appellant.

Second Department, January 12, 1981

APPEARANCES OF COUNSEL

*William E. Hellerstein* and *Charles Schinitsky (Barbara H. Dildine* and *Helen Neuborne* of counsel; *J. J. Borer*, trial counsel), for appellant.

*Eugene Gold, District Attorney (Lois M. Raff* of counsel), for respondent.

OPINION OF THE COURT

HOPKINS, J. P.

The question which awaits our determination is whether the appellant, an alleged juvenile offender, is entitled as a matter of statutory right to be served with Grand Jury minutes as part of the petition in a proceeding removed to

the Family Court. We hold that the pertinent statutory provisions require that the Grand Jury minutes shall be included within the "pleadings and proceedings" within the Family Court, and, hence, the order insofar as appealed from, denying the appellant's motion that the Grand Jury minutes be served on him, must be reversed, and the motion granted.

I

The appellant was charged by a felony complaint on April 26, 1979 in Criminal Court, Kings County, with the crime of robbery in the first degree. He was then 14 years of age. The appellant and his brother, then aged 17, were alleged to have engaged in a holdup, using a gun, and to have obtained money and property by force.

On April 30, 1979 both the appellant and his brother were held for the action of the Grand Jury after a preliminary hearing in the Criminal Court. On May 11, 1979 the appellant and his brother were indicted for two counts of robbery in the first degree.[1] After inspection of the Grand Jury minutes by the court, the appellant's motion to dismiss the indictment on the ground that the evidence was insufficient to support the indictment was denied.

The appellant's brother then pleaded guilty to robbery in the second degree. On consent of the District Attorney, the appellant's case was removed to the Family Court. The order of removal referred to the indictment and included a copy of the minutes of the removal hearing, a copy of the felony complaint, and copies of the Criminal Court indorsements.

The appellant's Law Guardian moved in Family Court for service of the Grand Jury minutes on him, claiming that under the statute the minutes were part of the petition in the Family Court as a result of the removal proceedings (Family Ct Act, § 731; CPL 725.05, 725.20); in the alternative, the Law Guardian argued that the petition was jurisdictionally deficient and denied appellant due process.

The Law Guardian's motion was denied on the grounds

---

1. The indictment also charged the appellant's brother with one count of robbery in the second degree.

that the secrecy of Grand Jury minutes mandated by CPL 190.25 would be unlawfully pierced by disclosure, and that the appellant had been served with proper papers furnishing him with the nature of the offense and the acts alleged to constitute the offense. The court found that the Legislature "intended to provide the Family Court Judge with the Grand Jury minutes" and not the appellant, and that the interpretation urged by the Law Guardian would "render the secrecy provisions of the CPL impotent." *(Matter of Glenford S.,* 103 Misc 2d 896, 900, 901.) According to the court, this construction of the statutory language effectuated the purpose of the Legislature to correct the awkward position in which a juvenile offender removed to the Family Court had previously been placed of being forced to return to the Supreme Court to move for the inspection of the Grand Jury minutes (cf. *Matter of Gold v Quinones,* 37 AD2d 618; see, also, *Matter of Wolfe v Berman,* 40 AD2d 869).

The appellant appeals from the denial of the motion with respect to the minutes, urging that the plain verbiage of the statute admits of no other construction than that on removal of his case to the Family Court the pleadings, among other things, include the Grand Jury minutes, and, hence, are available to him.

## II

We deal here with interrelated provisions of the Family Court Act and the CPL. In 1979 the Legislature enacted statutory changes providing for the method of removing criminal charges pending in the local criminal court or the superior court to the Family Court, and the effect of the removal of the charges (CPL 180.75, 210.43; art 725 [725.00-725.20]; L 1979, ch 411). The statute (CPL 725.05, subd 8) now requires that in the event removal of a criminal charge against a juvenile is authorized and desirable an order of removal shall be issued, directing that "all of the pleadings and proceedings in the action, or a certified copy of same be transferred to the designated family court and be delivered to and filed with the clerk of that court." It then continues to state that "[f]or the purposes of this subdivision the term 'pleadings and proceedings' includes

the minutes of any hearing inquiry or trial held in the action, the minutes of any grand jury proceeding and the minutes of any plea accepted and entered."

Prior to the 1979 amendments to the CPL, the Legislature had adopted section 731 of the Family Court Act, which provided for the initiation of a juvenile delinquency proceeding by the filing of a petition, which under an order of removal pursuant to CPL article 725 consists of "such order and the pleadings and proceedings transferred with it" (Family Ct Act, § 731, subd 3, as amd by L 1978, ch 481).

Reading the statutes together, as we must—for clearly the process of removal implicates both the sending court and the receiving court—the language chosen by the Legislature unambiguously leads to the construction that the "pleadings and proceedings" transferred by the order of removal include the Grand Jury minutes (CPL 725.05) and that the petition in the Family Court after the transfer consists of the pleadings and proceedings transferred to it (Family Ct Act, § 731). This construction of the statutes is reinforced by the further direction of the CPL that upon the filing of the order of removal, the criminal action is terminated and a proceeding in the Family Court is originated according to the law applicable to the Family Court (CPL 725.10).

The District Attorney strongly opposes the plain reading of the statute, arguing that Grand Jury minutes are traditionally protected from discovery (CPL 190.25), and that all that the appellant is entitled to obtain from a petition in the Family Court is fair notice of the charge against him, which is contained in the indictment and the other papers flowing from the prior proceedings to which the appellant has access.

The appellant counters the claim that the indictment is sufficient to constitute notice under the practice in the Family Court by reference to the forms of petition in use which indicate that the petition must be supported by sworn statements by persons having knowledge of the charges.

When a statute introduces a procedure unknown to the existing law, the procedure cannot be viewed by itself; it must be examined against the backdrop of the practices then in effect. We turn, therefore, to the long-enduring cast of proceedings before the Grand Jury.

## III

The institution of the Grand Jury is centuries old, and inevitably has undergone shifts in purpose and attributes to meet the demands of changing conditions. This is no less true of the attribute of secrecy of the proceedings of the Grand Jury. In the early stages of the development of the Grand Jury, the proceedings were open to the public (Calkins, Grand Jury Secrecy, 63 Mich L Rev 455, 456). Later, the jury began the practice of interviewing witnesses in private (Kuh, The Grand Jury "Presentment": Foul Blow or Fair Play, 55 Colum L Rev 1103, 1109), and this practice was recognized as an essential requirement in the Earl of Shaftesbury's trial in 1681 *(Rex v Earl of Shaftesbury*, 8 How St Tr 759), in order to prevent any wrongful influence which the Crown might exercise on the grand jurors (8 Wigmore, Evidence [McNaughton rev], § 2360, pp 728-729). This aspect of the necessity of secrecy has now disappeared and, indeed, it has been said that premature disclosure of the proceedings of the Grand Jury may rather result in hampering the prosecution by giving an advantage to the accused *(United States v Garsson*, 291 F 646, 649).

The reasons for secrecy have been said to be: (1) the prevention of flight by the defendant; (2) the protection of grand jurors from harassment; (3) the avoidance of subornation or prying and tampering with witnesses; (4) the shielding of an innocent accused; and (5) the assurance to witnesses that their testimony will remain private. Doubtless, all of these reasons have firm standing prior to the filing of the indictment. Once the indictment is returned and the defendant arraigned, the force of the rationale largely disappears, as Wigmore has suggested (8 Wigmore, Evidence [McNaughton rev], § 2360, pp 734-735).

Thus, in modern practice the disclosure of Grand Jury minutes to a defendant or a third party is discretionary

with the court *(People v Di Napoli,* 27 NY2d 229, 234-235; *Matter of Quinn* [*Guion*], 293 NY 787; *People v Sweeney,* 213 NY 37).[2] The rule of secrecy is not unlimited, however, and the recent tendency in the law moves to relax the requirement, when the reasons for the rule will not be advanced (1 Wharton, Criminal Procedure [Torcia, 12th ed], § 222, p 493).

The Legislature retains the power to regulate the selection and operations of a Grand Jury *(People v Petrea,* 92 NY 128, 142-143; cf. *Stokes v People,* 53 NY 164, 173). By late amendments to CPL 190.25, the Legislature has dissolved the secrecy of proceedings to permit the examination of evidence obtained by the Grand Jury by the District Attorney and his staff, as well as police officers (L 1977, ch 451), and to permit a witness to disclose his own testimony (L 1978, ch 415).

Hence, the need for secrecy is not absolute. In its relation to the purposes of law enforcement, the Grand Jury is rightly recognized as a strong and indispensable instrument defending the individual against false charges and acting as an arm of the community in searching out and accusing persons of committing criminal acts. Nevertheless, the origin and history of the institution do not suggest that secrecy in all aspects is an essential characteristic of its operations, especially when its work is complete and an indictment has been filed and open to the public.

## IV

Accordingly, we see no obstacle to the exercise of legislative power in the enactment of provisions which direct the filing of the Grand Jury minutes with the Family Court and incorporating the minutes in the petition of a juvenile delinquency proceeding. The Legislature may well have considered the existing provisions of the Family Court Act which forbid the "indiscriminate public inspection" of records of the Family Court (Family Ct Act, § 166), and exclude the general public from attending delinquency proceedings (Family Ct Act, § 741, subd [b]). Indeed, in

---

2. Several statutes severally enforce the secrecy of Grand Jury minutes (CPL 190.25; Judiciary Law, § 325; Penal Law, § 215.70).

adopting the provisions governing the mechanism of removing cases to the Family Court, the Legislature expressly mandated that all papers up to the order of removal are confidential and subject to the law relating to Family Court records (CPL 725.15; see, also, CPL 725.20, subd 3). It is to be noted, too, that a Family Court rule allows access to the pleadings only to the attorneys, parents, probation service representatives, and other narrowly limited persons legally interested in the proceeding itself (22 NYCRR 2501.3[a]).

Accordingly, we see no escape from the conclusion that the clear legislative expressions of CPL 725.05 (subd 8) and subdivision 3 of section 731 of the Family Court Act shall be read together, and together manifest the intent that the Grand Jury minutes in a case transferred to the Family Court shall form part of the petition in a delinquent offender proceeding.

We add a word as to procedure for the removal, since we are told that certain clerical difficulties have developed concerning the papers and records which the statute requires to be transferred. The statute makes clear that the order of removal must direct that "all of the pleadings and proceedings in the action, or a certified copy of same be transferred to the designated family court and be delivered to and filed with the clerk of that court" (CPL 725.05, subd 8). We take this language to mean that the clerk of the court from which the case is transferred shall be responsible for the preparation and delivery of the pleadings and proceedings in the case to the clerk of the Family Court. The delivery of these papers should be made promptly by the clerk of the court directing removal, so that no undue delay shall occur in the final disposition of the case in the Family Court. It is appropriate that the order of removal contain a direction expressly placing the responsibility for the due performance of the delivery of the papers on the clerk of the court from which the order of removal is issued.

## V

We thus reverse the order insofar as appealed from, and grant the motion of the Law Guardian.

GULOTTA, MARGETT and O'CONNOR, JJ., concur.

Upon an appeal by permission, order of the Family Court, Kings County, entered March 14, 1980, reversed insofar as appealed from, without cost or disbursements, and the motion to have the Grand Jury minutes served upon appellant is granted.