OPINION OF THE COURT
Daniel D. Leddy, Jr., J.
The respondent in this juvenile delinquency proceeding has moved by order to show cause dated November 20, 1981 and submitted to this court on November 24,1981, for an order dismissing the petition on the grounds that it is jurisdictionally defective.
The instant matter was ordered removed to Family Court after a probable cause hearing in Criminal Court on November 13, 1981. (CPL 180.75, subd 3, par [b].) The proceedings were adjourned to November 17, 1981 for arraignment in Family Court.
Upon the arraignment on November 17, 1981, all the court had before it was the order of removal dated November 13, 1981 signed by Judge Kellam and the felony complaint signed by Police Officer McVey dated November 7, 1981. The respondent moved to dismiss at arraignment on the ground that the minutes of the preliminary hearing were not then included as part of the court pleadings and therefore the petition was jurisdictionally defective. (CPL 725.05, subd 8; Family Ct Act, § 731, subd 3.) Judge Levine adjourned the motion until November 24, 1981 for submission of proper papers on notice. In the interim time *745 period the preliminary hearing minutes were transferred by the Clerk of the Criminal Court to the Clerk of the Family Court.
It is respondent’s contention that the petition is jurisdictionally defective because subdivision 3 of section 731 of the Family Court Act requires that a petition filed after a removal order must contain, in addition to the order of removal, all the pleadings and proceedings from the Criminal Court. CPL 725.05 (subd 8) defines “pleadings and proceedings” as including the minutes of the preliminary hearing inquiry or trial held in the action. Thus, respondent contends that as the petition was filed without the minutes of the preliminary hearing it is defective on its face and thus failed to give the court jurisdiction. (Matter of Glenford S., 78 AD2d 350.)
On November 24, 1981, this court heard oral argument on the motion. Petitioner argued, in essence, that the respondent’s motion must be dismissed as moot since the minutes have now been received and are presently a part of the court file.
Upon review and consideration of respondent’s motion and petitioner’s affirmation in opposition thereto and upon all other pleadings and proceedings had herein, this court finds that the petition was defective on its face when filed with this court on November 17, 1981 and must be dismissed as it was not sufficient to provide this court with jurisdiction at the time of arraignment.
In Matter of Glenford S. (supra), the Appellate Division found that in a case removed to Family Court the Grand Jury minutes must be a part of the petition. In that case, the Appellate Division granted a respondent’s motion to dismiss a proceeding in which the Grand Jury minutes were not served holding that the alleged juvenile delinquent was entitled as a matter of statutory right (CPL 725.05, subd 8) to be served with the minutes.
Pursuant to subdivision 3 of section 731 of the Family Court Act, in order to originate a juvenile delinquency proceeding, a petition must be served which contains all the pleadings and proceedings from the Criminal Court. Without the minutes of the Criminal Court preliminary *746 hearing, the petition when filed, was insufficient to provide this court with jurisdiction over the respondent. (See Matter of Martin D., 100 Misc 2d 339; Matter of Eric K., 100 Misc 2d 796.)
Further, the submission of the minutes to this court subsequent to the respondent’s arraignment cannot cure a petition which was jurisdictionally defective ab initio. Without a sufficient petition at the commencement of the proceeding the court lacked jurisdiction over the respondent.
Accordingly, for all the above-stated reasons, it is hereby ordered (1) that the respondent’s motion is granted on the ground that the petition is defective on its face and jurisdictionally insufficient and (2) that the above-captioned petition is dismissed without prejudice.