OPINION OF THE COURT
 

 Jones, J.
 

 The respondent in a juvenile delinquency proceeding originated by removal to Family Court is not automatically entitled to inspect or to receive a copy of the minutes of any Grand Jury proceeding which must be transferred to Family Court when the case is removed.
 

 
 *247
 
 In Matter of Larry W. a presentation was made to the Grand Jury concerning the alleged participation of respondent and Robert Pringle, an adult, in the robbery of Jannie Nicholls on December 27, 1979. Pursuant to CPL 190.71 the Grand Jury requested that the matter pending against respondent be removed to Family Court and accused respondent of committing acts which, if committed by an adult, would constitute the crime of robbery in the second degree. Supreme Court made and filed an implementing order of removal, and the matter was transferred to Family Court, Kings County. Following arraignment, respondent by his Law Guardian moved orally to dismiss the petition for lack of jurisdiction on the ground that the forwarding court in making the transfer to Family Court had failed to forward a copy of the Grand Jury minutes, and further to inspect the Grand Jury minutes, a copy of which was then in the possession of the Corporation Counsel. Family Court denied both motions, and on application by respondent the Appellate Division granted permission to appeal, limited to so much of the Family Court order as denied the motion to inspect or obtain a copy of the minutes of the Grand Jury. On the appeal the Appellate Division reversed the order of Family Court and granted respondent’s motion to obtain a copy of the Grand Jury minutes (79 AD2d 991) and then granted leave to the City of New York to appeal to our court on a certified question.
 

 In Matter of Glenford S. a felony complaint was filed in Criminal Court, Kings County, charging respondent with robbery in the first degree, alleging that on April 25,1979 respondent, acting in concert with four other persons, forcibly took money and property from one Thomas Rosario by threatening him with a handgun. Following a preliminary hearing respondent was held for action of the Grand Jury. An indictment was filed charging respondent with two counts of robbery in the first degree. Respondent’s case was thereafter removed to Family Court with the consent of the District Attorney, pursuant to CPL 210.43. On respondent’s first appearance in Family Court his Law Guardian moved to have a copy of the Grand Jury minutes served on him and in the alternative to dismiss the petition as jurisdictionally defective for failure to include a copy of
 
 *248
 
 the Grand Jury minutes. Family Court denied both motions. In this case, too, on respondent’s application, the Appellate Division granted permission to appeal but again only with respect to the denial of respondent’s motion to cause copies of the Grand Jury minutes to be served on him.
 
 [1]
 
 On the appeal the Appellate Division reversed the order of Family Court and granted respondent’s motion for copies of the Grand Jury minutes (78 AD2d 350) and similarly then granted leave to the District Attorney of Kings County to appeal to our court on a certified question.
 

 The determinations at the Appellate Division that respondents were entitled to receive copies of the minutes of the Grand Jury were based on that court’s reading of CPL 725.05 (subd 8) with subdivision 3 of section 731 of the Family Court Act. Those subdivisions provide as follows:
 

 CPL "725.05 Order of removal.
 

 “8. The order of removal must direct that all of the pleadings and proceedings in the action, or a certified copy of same be transferred to the designated family court and be delivered to and filed with the clerk of that court. For the purposes of this subdivision the term ‘pleadings and proceedings’ includes the minutes of any hearing inquiry or trial held in the action, the minutes of any grand jury proceeding and the minutes of any plea accepted and entered.”
 

 “§ 731 [Family Ct Act] Originating juvenile delinquency proceeding
 

 “3. When an order of removal pursuant to article seven hundred twenty-five of the criminal procedure law is filed with the clerk of the court such order and the pleadings and proceedings transferred with it shall be and shall be deemed to be a petition filed pursuant to subdivision one of this section containing all of the allegations therein required notwithstanding that such allegations may not be set forth in the manner therein prescribed. Where the order or the grand jury request annexed to the order specifies an act that is a designated felony act, the clerk
 
 *249
 
 shall annex to the order a sufficient statement and marking to make it a ‘designated felony act petition’.” We agree with the Appellate Division that the Legislature has unmistakably prescribed that, for the purposes of CPL 725.05 (subd 8) which specifies what must be transferred under an order of removal, the “pleadings and proceedings” there mandated to be transferred to the Family Court shall include “the minutes of any grand jury proceeding”, and that under subdivision 3 of section 731 of the Family Court Act, dealing with the origination of juvenile delinquency proceedings, the “pleadings and proceedings” transferred to the Family Court pursuant to the order of removal “shall be and shall be deemed to be a petition”. At this point, however, we depart from the analysis and reasoning of the Appellate Division.
 

 The determination of the issue presented on this appeal turns not on what comprises the “petition” in these cases; the statutory provisions quoted make it clear that any Grand Jury minutes are a part of the petition. The critical question is whether respondents were entitled to copies of the entires delinquency petitions, including the Grand Jury minutes. We conclude that they were not automatically entitled to a copy of the Grand Jury minutes under the statutory provisions cited.
 

 First, we look to the sections of the Family Court Act for statutory provisions relating to respondents’ entitlement to receive copies of the petitions. It is somewhat surprising, perhaps, but there is no provision of the Family Court Act in this regard.
 
 [2]
 
 Counsel for respondents invite our attention only to sections 736 and 738 (and we have found no other pertinent provision). Section 736 is entitled, “Issuance of summons”, is addressed to the issuance and service of a summons, and at most authorizes but does not command the issuance of a copy of the petition. Section 738 relates to the issuance of a warrant and has nothing to do with service of a copy of the petition.
 

 
 *250
 
 On initial consideration one might be disposed to assume without question that, of course, a respondent would be entitled to receive a copy of the delinquency petition. That might well be true in the case of a petition filed under subdivision 1 of section 731
 
 [3]
 
 pursuant to which a single instrument may initiate the proceeding. As to proceedings initiated by removal, however, subdivision 3 makes provision for what is to be deemed to be the procedural equivalent of a petition, consisting, pursuant to the cited statutory provisions, of the order of removal and, in some instances, of other documents as well. In any event, absent a statutory command that a copy of the entire petition shall be served on or otherwise be made available to a respondent, the latter’s right thereto would appear to depend on constitutional due process rights to notice (cf.
 
 Matter of Gault,
 
 387 US 1, 33). Measured by this standard, which we hold to be applicable, respondents in juvenile delinquency proceedings are not necessarily entitled to copies of the Grand Jury minutes; due process entitlement to notice, except possibly in a most unusual case, can be fully met by service of a copy of the order of removal and of other documents in the petition file, if need be, without recourse to Grand Jury minutes. Respondents here, relying only on the statutory provisions cited, do not contend in either of the cases now before us that the papers furnished to them failed to provide the notice to which they were Constitutionally entitled and that they were accordingly entitled to copies of the Grand Jury minutes as a matter of constitutional right; indeed there is nothing in the record in either case on which such a contention could be premised.
 

 To read the statutes cited as mandating by implication or extension that a respondent be furnished with a copy of the Grand Jury minutes would run counter to the longstanding and fundamental doctrine of the secrecy of Grand
 
 *251
 
 Jury minutes. The articulation of this doctrine, codifying the common law, is now to be found in CPL 190.25 (subd 4) (cf. Penal Law, § 215.70 [unlawful Grand Jury disclosure, a class E felony]; Judiciary Law, § 325 [restricting disclosure by a Grand Jury stenographer]). Disclosure is permissible only if authorized by statute
 
 [4]
 
 or directed by court order.
 
 [5]
 
 Here neither of the statutory provisions on which respondents rely addresses the issue of disclosure, and our attention is invited to no legislative history which suggests that in enacting these provisions the Legislature intended to authorize any disclosure of Grand Jury proceedings. We have no doubt that the Legislature could have directed that in removal cases a copy of the minutes of any Grand Jury proceeding be furnished to the respondent; it is determinative in the two cases now before us that the Legislature made no such statutory direction.
 

 The evident purpose of requiring the transfer of any Grand Jury minutes along with the rest of the file on removal of a case to the Family Court, in addition to the obvious advantages of maintaining a single integrated file, was to place such minutes within the jurisdiction of the Family Court, thereby making them available to facilitate compliance with any pertinent statutory mandate (e.g., CPL 240.45), in the event of a motion to inspect the Grand Jury minutes (CPL 210.30), or should the Family Court Judge in an individual case determine for other reasons that there should be a disclosure of the minutes.
 

 For the reasons stated, in each case the order of the Appellate Division should be reversed, without costs, the order of Family Court denying respondent’s motion reinstated, and the certified question answered in the negative.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
 

 
 *252
 
 In each case: Order reversed, without costs, the order of Family Court, Kings County, reinstated, and the question certified answered in the negative.
 

 [1]
 

 . Thus, in neither of the cases now before us is the issue of the jurisdictional sufficiency of the petition
 
 [1]
 
 without copies of the Grand Jury minutes presented for our review.
 

 [2]
 

 . Compare CPL 170.10 (subd 2) and 210.15 (subd 1) which expressly require that an adult defendant be served with a copy of the information or the indictment and sections 765 and 774 of the Family Court Act, which mandate prompt service of copies of other types of Family Court petitions. Although section 737 of the Family Court Act prescribes the manner in which a petition shall be served, it does not mandate such service (cf. CPLR 307-312).
 

 [3]
 

 . Subdivision 1 of section 731 of the Family Court Act:
 

 “1. A proceeding to adjudicate a person a juvenile delinquent is originated by the filing of a petition, alleging:
 

 “(a) the respondent did any act which, if done by an adult, would constitute a crime and specifying the act and the time and place of its commission;
 

 “(b) the respondent was a person under sixteen years of age at the time of the alleged act; and
 

 “(c) the respondent requires supervision, treatment, or confinement.”
 

 [4]
 

 . (E.g., CPL 240.20, subd 1, par [b] [according a defendant the right to his own Grand Jury testimony and that of his codefendant if they are tried together]; 240.45, subd 1 [requiring a prosecutor to make available to the defense, after the jury has been sworn and before the prosecutor’s opening statement, the Grand Jury testimony of prosecution witnesses].)
 

 [5]
 

 . (E.g., CPL 210.30 [motion to inspect Grand Jury minutes].)