In the Matter of HERALD COMPANY, INC., Respondent, v LOUIS H. MARIANI, as City Judge of the City of Syracuse, Respondent, and DISTRICT ATTORNEY OF ONONDAGA COUNTY, Appellant.

Fourth Department, April 5, 1985

## APPEARANCES OF COUNSEL

*Richard A. Hennessy, Jr., District Attorney* (*John A. Cirando* and *Michael P. Marmor* of counsel), appellant *pro se.*

*Bond, Schoeneck & King* (*S. Paul Battaglia* of counsel), for Herald Company, Inc., respondent.

*Robert Abrams, Attorney-General* (*Charles Corcoran, Jr.,* of counsel), for Louis H. Mariani, respondent.

### OPINION OF THE COURT

GREEN, J.

The issue on this appeal is one of first impression. We are asked to decide whether a newspaper is entitled to a redacted transcript of a rape victim's preliminary hearing testimony in a case that was transferred to Family Court. Respondent City Court Judge Mariani, who presided over the preliminary hearing, closed the courtroom during the victim's testimony and denied the newspaper's request for the transcript, agreeing with

the Onondaga County District Attorney that the victim's privacy interests outweighed the newspaper's right of access. The newspaper challenged Judge Mariani's ruling in a CPLR article 78 proceeding (in the nature of mandamus) and Special Term ruled that the closure was proper but that the newspaper was entitled to the redacted transcript of the victim's testimony "to preserve the anonymity of the victim and her family and to preserve the identity and privacy of the defendant in the pending Family Court proceedings."

On November 16, 1983, a preliminary hearing was held in Syracuse City Court to determine whether there was sufficient proof to hold a 15-year-old defendant for action by the Grand Jury on a charge of rape in the first degree allegedly committed against a 13-year-old victim in a junior high school classroom. The court denied defendant's request to close the courtroom during the entire hearing, but granted the prosecutor's request for closure during the victim's testimony. Neither the defendant nor the newspaper challenge that ruling on this appeal.

After the hearing was completed and the defendant was held for the Grand Jury, the newspaper requested a copy of the victim's testimony. The City Court Judge denied the request stating "I will not permit release of the victim's testimony to the press at this juncture, and I underscore 'at this juncture,' in the proceedings. I believe a fair reading of Judiciary Law, Section 4 adequately supports my exercise of that discretion in this case. Public disclosure at this time would create the very prejudice to both defendant and victim that we seek to avoid — most particularly in light of the relationship this case now has with Family Court. I make no comment about release in the event the Grand Jury indicts [the defendant] or in the event the matter is removed to Family Court. That is an issue for another time."

On December 27, 1983, the newspaper commenced the instant CPLR article 78 proceeding seeking, *inter alia,* to vacate the City Court's denial of its request for the transcript of the victim's preliminary hearing testimony. By decision dated June 29, 1984 and judgment entered August 29, 1984, Special Term granted the application and directed the City Court Judge to provide access to the transcript. This was error.

On February 1, 1984, the Grand Jury removed the rape case to Family Court (*see,* CPL 190.71, 725.10). The order of removal must direct that all of the pleadings and proceedings in the action, including the minutes of "any hearing" held in the action, be transferred to Family Court and be delivered to and filed with the clerk of that court (CPL 725.05 [8]). All official

records and papers of the action up to and including the order of removal are confidential and must not be made available to any person or agency unless so provided by the rules applicable to Family Court records (CPL 725.15). Those rules provide that the names and addresses of parties and witnesses must be held confidential and cannot be released to the news media (22 NYCRR 2501.2 [c]) and that access to the pleadings and any legal papers formally filed in the proceeding is restricted to the parties and their legal guardians (22 NYCRR 2501.3 [a]), except that any other person or agency "having a legitimate purpose may for good cause shown and in the discretion of the court, have access to the records of any Family Court proceedings" (22 NYCRR 2501.3 [b]).

As a result of this statutory and regulatory scheme, once the rape case was removed to Family Court, only Family Court had the discretion to allow the news media access to the transcript of the victim's preliminary hearing testimony. On June 29, 1984, therefore, Special Term was without jurisdiction to rule on the newspaper's request for the transcript (*see*, Family Ct Act § 302.1 [1]; § 303.1 [1]; *Matter of Larry W.*, 55 NY2d 244; *Matter of Shawn S.*, 111 Misc 2d 744; *Matter of Martin D.*, 100 Misc 2d 339; *cf. Matter of John G. v Dubin*, 89 AD2d 839). Accordingly, the last three decretal paragraphs of the judgment on appeal granting the newspaper access to the transcript are deleted, without prejudice to the newspaper to apply to Family Court for whatever relief it deems appropriate. We decide no other issue.

DILLON, P. J., BOOMER, O'DONNELL and SCHNEPP, JJ., concur.

Judgment unanimously modified, on the law, and as modified, affirmed, without costs, in accordance with opinion by GREEN, J.