■ In the Matter of JUAN Q., a Person Alleged to be a Juvenile Delinquent, Respondent. ERIE COUNTY ATTORNEY, Appellant. [670 NYS2d 137] —Order unanimously reversed on the law without costs, motion denied, petition reinstated and matter remitted to Erie County Family Court for further proceedings on the petition. Memorandum: Family Court erred in granting respondent's motion to dismiss the petition, concluding that the order transferring this matter from City Court to Family Court was defective because it failed to contain any allegation of the date, time or place of the alleged incident or to specify the act or acts that City Court found reasonable cause to believe respondent committed. When a criminal action is removed to Family Court, the order of removal and any pleadings and proceedings in the criminal action are deemed the petition in the Family Court proceeding (*see,* Family Ct Act § 311.1 [7]; *Matter of Larry W.,* 55 NY2d 244, 249; *Matter of Gary S.,* 100 Misc 2d 854, 856). Contrary to Family Court's conclusion, constitutional due process requirements of notice were satisfied in this removal proceeding because the statutory requirements of CPL 725.05 appear in the order of removal or in the pleadings and proceedings in City Court that were transferred to Family Court (*see, Matter of Larry W., supra,* at 250; *Matter of Gary S., supra,* at 856). Those statutory requirements include the date, time and place of the alleged incident, which are set forth in the felony complaint and information filed in City Court, and the acts that City Court found reason-

able cause to believe were committed by defendant, which are set forth in the transcript of the preliminary hearing. Thus, we reverse the order, deny the motion and reinstate the petition. (Appeal from Order of Erie County Family Court, Battle, J.— Juvenile Delinquency.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.