(96 App. Div. 397.)

In re BUCKLER et al.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. MINORS—GUARDIANS—DISCRETION.

    Where an infant possessed a large estate, and the parties interested therein were to some extent at variance in regard to the management of the property which passed under the will of the infant's parents, in which he was interested, and were not agreed as to the competency of the mi-

nor's sister to manage his estate, the surrogate's appointment of such sister as guardian of the minor's person, and the appointment of a trust company as guardian of his estate, was a proper exercise of discretion.

Appeal from Surrogate's Court, New York County.

Application by Marion Buckler and another for the appointment of a guardian of Philip Stevenson, minor. From so much of a surrogate's decree as appointed the Knickerbocker Trust Company of New York guardian of the property of such minor, Elizabeth Stevenson appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Gratz Nathan, for appellant.

Harlan F. Stone, for respondent.

HATCH, J. On the 6th day of February, 1904, Marion Buckler presented a petition to the Surrogate's Court of the county of New York asking for the appointment of the Knickerbocker Trust Company as guardian of the estate of Philip Stevenson, a minor, who would be 13 years of age upon the 31st day of March, 1904. The petition, among other things, showed that the said infant was possessed of considerable property; that his father and mother were both dead; that the petitioner was a sister of said infant, but that she resided without the state of New York. The petition also contained the names of all the brothers and sisters of said infant, and a citation was accordingly issued, directed to all persons who had a prior right to such appointment. Before the return day of the citation, and upon the 20th day of February, 1904, Elizabeth Stevenson presented a petition to said Surrogate's Court asking that she be appointed guardian of the person and property of said Philip Stevenson. This petition showed that the petitioner was of the age of 23 years, and was a sister of the infant, and that he had resided with petitioner since the death of his mother, a year prior thereto. Attached to the second petition were written consents of all persons equally entitled with the petitioner to letters of guardianship, consenting to the appointment of the petitioner. The question as to whether the sister Elizabeth or the trust company should be appointed was determined by affidavits which were read before the surrogate, no further proof being offered. Mrs. Buckler sought to show by the affidavits of herself and other persons that the sister Elizabeth was not a proper person for guardian, as she was inexperienced, and that her chief adviser was the executor of her father's will; that she believed in his integrity and business capacity, while in fact he had grossly mismanaged the estate committed to his care, and had appropriated valuable property to his own use, which charge, in the affidavit presented by Mrs. Buckler, was specified in considerable detail. The sister Elizabeth sought to show by practically all the other members of the family and many other persons that she was entirely competent to manage the estate and person of her infant brother; that her sister Marion was at variance with all the other members of the family, and their relations were inharmonious. She also presented an affidavit, made by the infant, requesting that Elizabeth be appointed. The sur-

rogate, after a full hearing, reached the conclusion that the best interests of the property of the infant required the appointment of the trust company as guardian of the property, and appointed Elizabeth the guardian of the person. The appellant appealed from that part of the order which appointed the Knickerbocker Trust Company guardian of the property. It is conceded by the appellant that the Surrogate's Court is vested with discretionary power to appoint a stranger, but she claims that such power will not be exercised where, other things being equal, a relative of the minor is in existence, who may be appointed, and who is competent for the purpose. This doubtless states the correct rule of law. In the present case, however, we think the discretion of the surrogate was wisely exercised. The estate of the infant is large. The parties interested therein are to some extent at variance in regard to the management of the property which passed under the wills of David Stevenson and his wife, Sewannee Stevenson, and in which the infant has an interest. It is not necessary that we consider the merits of the charges brought against the trustees. Mrs. Buckler claims that they exist in fact; that the sister Elizabeth supports their management, and is in harmony therewith; and, it is fair to assume that she will be influenced to some extent by their advice as to the management of the property of the ward, should she be appointed. The appointment of the Knickerbocker Trust Company secures the safe administration of the estate of the infant, and securely protects his interest in that regard, while the custody of his person by his sister Elizabeth insures his personal welfare. Under such circumstances, we are of opinion that the discretion of the surrogate was wisely exercised, and we find no ground which would justify our interference in the result reached by him.

It follows that the decree of the surrogate should be affirmed, with $10 costs and disbursements. All concur.