■ In the Matter of EUGENE GOLD, as District Attorney of the County of Kings, Respondent, v. CESAR H. QUINONES, as Judge of the Family ·Court of the State of New York, Respondent. JOHN N. (ANONYMOUS), Appellant.— In a proceeding pursuant to article 78 of the CPLR to prohibit the Honorable CESAR H. QUINONES, as a Judge of the Family Court, Kings County, from enforcing and effectuating an order of said court, made by him on May 27, 1971, which directed the District Attorney of Kings County to produce in said court all prior statements and ·Grand Jury minutes of witnesses who were to testify in a ·certain juvenile delinquency proceeding before that court, the appeal is from a judgment of the Supreme Court, Kings ¡County, dated June 4, 1971, which granted the application. Judgment affirmed, without costs. In the course of a juvenile delinquency proceeding in the Family ·Court defense counsel moved for the production of the ¡Grand Jury minutes of a witness who had testified on behalf of the People. The Family Court by order ·directed the District Attorney to produce the ·Grand Jury minutes of witnesses who had or would testify in the case. The District Attorney thereupon commenced this article 78 proceeding to enjoin enforcement of the Family Court order. The court below granted his application. In our opinion, enforcement of the Family Court order was properly enjoined. In the present case, the Grand Jury proceedings were conducted in the Supreme Court, Kings County. Therefore, the Supreme Court alone had the power to order production of the ·Grand Jury minutes (Code Crim. Pro., § 952-t). However, it should be noted that our determination ·does not leave the defendant without a remedy in the event the testimony of prosecution witnesses who appeared before the Grand Jury is offered at trial. A " right sense of justice" entitles the defense to examine the prior statements of witnesses, so long as those statements relate to the witnesses' testimony at trial and contain nothing which must remain confidential ¡(*People* v. *Ross,* 21 N Y 2d 258, 263; *People* v. *Rosario,* 9 N Y 2d 286, 291). Therefore, if it should appear at the trial in the Family Court that prosecution witnesses had testified before the Grand Jury, fundamental requirements of a fair trial mandate that the Grand Jury testimony of such witnesses be made available to the defendant and that for that purpose he should be afforded an opportunity, by adjournment of the trial, to apply to the court having jurisdiction over the Grand Jury minutes (in this case it is the Supreme Court, Kings ¡County; and out of New York City it may be a· County ¡Court) for permission to inspect them insofar as they relate to the testimony of witnesses who have testified or will testify at the Family Court trial. In the event the application to inspect the Grand Jury minutes of such witnesses is ·denied, the defendant may move to strike the trial testimony of such witnesses because of the effective ·denial of his right to a full and complete examination of those witnesses (see *People* v. *Ross,* 21 N Y 2d 258, *supra*). Munder, Acting P. J., Martuscello, Latham, Shapiro and Christ, JJ., concur.