■    In the Matter of HUGH WOLFE, as Assistant Corporation Counsel of the City of New York, Respondent, v. WILLIAM BERMAN, as Judge of the Family Court of the State of New York, Appellant.— In a proceeding pursuant to article 78 of the CPLR to prohibit appellant, a Judge of the Family Court, Kings County, from enforcing and effectuating an order of said court made by him on February 29, 1972 in a certain juvenile delinquency proceeding, directing petitioner, an Assistant Corporation Counsel of the City of New York, to apply to the Supreme Court for an order compelling production of Grand Jury minutes of testimony of witnesses who had testified or will testify in said juvenile delinquency proceeding, the appeal is from a judgment of the Supreme Court, Kings County, entered April 19, 1972, which granted the application and denied appellant's motion to dismiss the petition. Judgment reversed, on the law, without costs, appellant's motion granted and petition dismissed. In the course of a juvenile delinquency proceeding in the Family Court, defense counsel moved for production of the Grand Jury minutes of the testimony which a witness had given. The Family Court, by order, directed petitioner, the Assistant Corporation Counsel who was prosecuting the delinquency petition, to apply to the Supreme Court, Kings County, for an order compelling production of the Grand Jury minutes of testimony of witnesses who had testified or would testify in the case. Petitioner thereupon commenced this proceeding to enjoin enforcement of the Family Court order. Prohibition is an extraordinary remedy and will lie against a court only where it is acting without jurisdiction or where it is exceeding its powers in a pro-

ceeding over which it has jurisdiction (see *Matter of Proskin v. County Ct. of Albany County*, 30 N Y 2d 15, 18). In our opinion, appellant acted within his power when he ordered petitioner to make application for the production of the Grand Jury minutes. A minor is regarded as the ward of the court and the order constituted a proper exercise of power in a proceeding over which the court had jurisdiction. In *Matter of Gold v. Quinones* (37 A D 2d 618), the Family Court ordered that a district attorney *produce* the grand jury minutes of testimony of witnesses who were to testify in a delinquency proceeding before that court. The district attorney, who was not prosecuting the matter in the Family Court, applied for a writ of prohibition to enjoin enforcement of the order. The application was granted and we affirmed. The Grand Jury proceedings were conducted in the Supreme Court, as is the case here, and only that court could order *production* of the minutes (former Code Crim. Pro., § 952-t; Judiciary Law, § 325). In the present case, petitioner was the prosecuting attorney in the Family Court and thus subject to the lawful mandate of that court. Furthermore, appellant did not order that the minutes themselves be produced, but that petitioner apply to the Supreme Court, Kings County, where the Grand Jury proceedings were conducted, for an order compelling production. This was a proper exercise of the court's power and prohibition does not lie. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.