## (April 6, 1973)

■ In the Matter of GEORGE JEMZURA, Petitioner, v. JOE MCCUE, as a Justice of the Peace, Respondent. — Application denied and petition dated January 24, 1973 dismissed, without costs. A proceeding to compel a Justice of the Justice Court to perform a duty enjoined by law must be brought at a Special Term of the Supreme Court (CPLR 7804, subd. [b]; 506, subd. [b]). Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.

■ In the Matter of the Claim of JOHN RUDES, Deceased, Respondent-Appellant, v. ALPHA PORTLAND CEMENT COMPANY et al., Appellants-Respondents. WORKMEN'S COMPENSATION BOARD, Respondent. JOHN S. HOGG, Appellant. — Motion for order compelling respondent Workmen's Compensation Board to accept cross notice of appeal served February 1, 1973, denied, without costs. We are of the opinion that, absent clear statutory authority therefor, the provision of CPLR 5513 (subd. [b]) with respect to the taking of cross appeals does not apply to appeals from decisions of the Workmen's Compensation Board. Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIE JAMES MACK, Petitioner, v. J. EDWIN LA VALLEE, as Superintendent of Clinton Correctional Facility, Respondent. — Application for writ of habeas corpus pursuant to CPLR 7002 (subd. [b], par. 2) denied as insufficient on its face (see CPL 380.50). Greenblott, J. P., Cooke, Sweeney, Kane and Main, JJ., concur.

## (April 17, 1973)

■ In the Matter of the Application for Approval of the Certificate of Incorporation of THE MONTGOMERY COUNTY LEGAL AID SOCIETY, INC.— Application of the Montgomery County Legal Aid Society, Inc., for approval of its incorporation pursuant to subivision 5 of section 495 of the Judiciary Law, granted upon the following terms and conditions. 1. Approval be and hereby is limited to a period of three years from the date of entry of an order hereon. The period may be extended upon application made prior to the expiration of the three-year period. 2. All legal advice and legal services shall be furnished and rendered solely by attorneys duly admitted to practice law in this State, and each attorney shall assume and maintain full professional and direct responsibility for any and all advice given or services rendered. 3. Where legal services require maintenance of an action or proceeding, the attorney in charge shall appear as attorney of record and his name shall appear as such attorney on all legal papers in the action or proceeding; the name of the corporation may follow in parentheses. 4. Legal services shall not be furnished to another corporation, association or organization or group, except as may be necessary for the purpose of promoting the interests of persons eligible as indigent individuals. 5. Attorneys employed by the corporation shall not represent political parties or factions thereof; shall not accept contingency fee cases unless it is established, after a reasonable effort of referral, that a private attorney would not be willing to accept the case; and shall not engage in any political, lobbying or propagandistic activities or organize or assist protest or civil disobedience groups or social movements. Herlihy, P. J., Staley, Sweeney, Kane and Main, JJ., concur.