■ In the Matter of the PEOPLE OF THE STATE OF NEW YORK et al., Petitioners, v ROBERT M. QUIGLEY, as Judge of the Court of Claims, Respondent.—Petition for writ of prohibition dismissed. Memorandum: Respondent ordered petitioner to produce, *inter alia,* numerous debriefing statements taken from State Police and State correctional officers who participated in the retaking of the Attica Correctional Facility on September 13, 1971. Petitioner did not appeal from that order and failed to comply with it and, on October 12, 1977, was held in contempt by respondent. Respondent issued subpoenas duces tecum requiring petitioner to produce, *inter alia,* the debriefing statements. Petitioner twice moved to quash the subpoenas and appealed from the orders denying its motions. Petitioner has also appealed from respondent's orders denying its motions for protective orders and from the contempt order. Upon petitioner's filing notices of appeal from each of

the latter orders, claimants and respondent were automatically stayed from compelling disclosure of the debriefing statements. Petitioner contends that some if not all of the statements were received in evidence before the Wyoming County Special Grand Jury. If that is true, only the court in charge of the Grand Jury is authorized to release the statements from the secrecy requirement of CPL 190.25 (subd 4). (See *Matter of Wolf v Berman,* 40 AD2d 869; *Matter of Gold v Quinones,* 37 AD2d 618.) The present petition must be dismissed, however, because this court does not constitute the proper forum for an original proceeding brought to prohibit a Judge of the Court of Claims from exceeding his authority. (CPLR 506, subds [a], [b], par 1.) Even if the application were treated as a motion for a stay of enforcement of the orders pending the appeals, since respondent is complying with the automatic stays under CPLR 5519 (subd [a], par 1), it is unnecessary and the motion should be denied. Present—Marsh, P. J., Cardamone, Dillon and Witmer, JJ.