■ In the Matter of the Appointment of a Guardian for NIXA CASERES, an Infant. CARMEN DONES, Appellant.—Decree, Surrogate's Court, Bronx County, entered April 21, 1978, denying petitioner's motion for the appointment of a guardian of the person of the infant, Nixa Caseres, unanimously

reversed, on the law, without costs or disbursements, the petition reinstated and the proceeding remanded to the Surrogate's Court for further proceedings on the application, at which time the Surrogate shall take into consideration appropriate measures to secure adequate protection and representation of the infant, including the appontment of a guardian ad litem and/or such steps as may be necessary to join or otherwise secure the appearance in the proceeding of the Commissioner of Social Services, upon whom a duty is imposed under subdivision 2 of section 398 of the Social Services Law to assume jurisdiction over abandoned children. The infant has been living with and has been cared for by petitioner for the past six years, since the child was three months of age, when the child's father asked petitioner to care for the infant because neither he nor the child's mother could do so. Although petitioner is not related to either the parents or the child, she allegedly raised the infant's father and claims to regard him as her son. It does not appear whether the parents are still living. Neither parent has visited or provided financial support for the infant since surrendering the child to petitioner's care. Petitioner, in this proceeding, seeks an order appointing her guardian of the person to facilitate the enrollment of the infant in school, to enable her to be added to petitioner's public assistance grant and to facilitiate medical treatment in the event of an emergency. The Surrogate denied the application "as a matter of law and in the exercise of discretion", without holding a hearing. He concluded that since jurisdiction over the infant, as an abandoned child, was placed with the Commissioner of Social Services pursuant to subdivision 2 of section 371 and subdivision 2 of section 398 of the Social Services Law, a hearing was not warranted to determine whether a guardian should be appointed as authorized by SCPA 1701 and 1707. The Surrogate directed that a copy of this decision together with the petition and supporting papers be forwarded to the Commissioner of Social Services. We disagree. Without inquiry or hearing of any kind into the need for the appointment of a guardian as sought by petitioner, and without retaining jurisdiction, the Surrogate in effect referred the matter to the commissioner. SCPA 1701 and 1707 authorize and empower the Surrogate to appoint a guardian of the person or property of an infant, including a person other than the parents of the infant and whether or not the parent is living, upon a finding that the best interests of the infant will be promoted by such appointment. (See *Matter of Stuart,* 280 NY 245; *Matter of Morgan,* 70 Misc 2d 1063; *Matter of Rugovac,* 77 Misc 2d 659.)

While we acknowledge the duty and jurisdiction of the Commissioner of Social Services over abandoned children under subdivision 2 of section 398 of the Social Services Law, the statutory jurisdiction neither supersedes nor ousts the Surrogate of jurisdiction upon appropriate application for the appointment of a guardian in accordance with the applicable provisions of the SCPA. In dismissing the petition, the Surrogate apparently proceeded upon the assumption that the jurisdiction of the commissioner took precedence over that of the court. We have concluded that the statutory provisions should rather be read *in pari materia,* to promote the best interests of the child. The procedure followed by the Surrogate left the parties without an available remedy, should the commissioner fail to take appropriate action to protect the interests of the child. The Surrogate should have afforded the commissioner an opportunity to appear in or to be joined as a party respondent in the proceeding and should have considered the desirability of appointing a guardian ad litem for the child. Under the circumstances, we find that the Surrogate erred in failing to hold a hearing which

due consideration to the interests of the child required. On the surface, the petition appears to have merit entitling the petitioner and the child to a hearing on the issues raised by the petition. Concur—Lupiano, J. P., Silverman, Fein, Sandler and Sullivan, JJ.