In the Matter of ROBERT NOLAN, JR., Petitioner, v STEPHEN F. LUNGEN, as District Attorney of Sullivan County, et al., Respondents. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to CPLR 506, subd [b], par 1) to prohibit respondents from resubmitting the charge of intentional murder and submitting for the first time the charges of felony murder and burglary in the first degree to a Sullivan County Grand Jury, following a trial on an indictment charging two counts of manslaughter in the first degree, which trial ended in a mistrial. On September 23, 1981, a Sullivan

County Grand Jury handed down an indictment charging petitioner with two counts of manslaughter in the first degree in violation of subdivision 2 of section 125.20 of the Penal Law (killing under the influence of extreme emotional disturbance). One count charged him with killing his wife and the other with killing her alleged paramour. These killings were alleged to have occurred on September 13, 1981. Although a charge of intentional murder (Penal Law, § 125.25, subd 1) was submitted to the Grand Jury for their consideration, petitioner was only indicted, under two counts, for manslaughter in the first degree. The case went to trial in March, 1982, but resulted in a hung jury and the declaration of a mistrial after three days of jury deliberation. Subsequent to the declaration of a mistrial, respondents sought leave from the County Court of Sullivan County to resubmit the evidence in the case to another Grand Jury. Respondents wanted a Grand Jury to reconsider the charge of murder in the second degree (intentional murder under Penal Law, § 125.25, subd 1) based upon evidence allegedly discovered since the matter was previously before the Grand Jury. Respondents also wanted a Grand Jury to consider for the first time charges of burglary in the first degree (Penal Law, § 140.30) and murder in the second degree under the felony murder theory (Penal Law, § 125.25, subd 3). County Court granted leave to respondents to resubmit the matter to a Grand Jury, holding, *inter alia,* that such a resubmission did not constitute double jeopardy. After securing a stay, petitioner thereupon commenced the instant proceeding in this court, seeking a judgment to the effect that respondents, the District Attorney of Sullivan County and his chief assistant, do not have the authority to resubmit the matter to a Grand Jury and that any such resubmission would violate the statutory double jeopardy provisions of the Criminal Procedure Law. A proceeding such as this should be commenced in the Supreme Court at Special Term, not in this court. However, the pertinent statute (CPLR 506, subd [b]) is a venue provision of the CPLR which may be waived by the parties if no objection is raised (see *Ronco Communications & Electronics v Valentine,* 70 AD2d 773, 774). Since respondents have not objected to venue, the defect in that regard was waived. Accordingly, dismissal is not statutorily mandated on this ground. Nevertheless, we conclude that this proceeding should be dismissed. It is well established that the extraordinary remedy of prohibition lies only where there is a clear legal right and there has been an excess of jurisdiction or power (*Matter of State of New York v King,* 36 NY2d 59, 62). In addition, even if there has been an excess of jurisdiction or power, this extraordinary remedy will not lie if there is available an adequate remedy at law (*id.*). Here, petitioner has an adequate remedy if in fact he is indicted after the matter is resubmitted to the Grand Jury (see CPL 210.20, subd 1, par [e]). Although in our opinion the instant petition is premature (*People v Lohman,* 49 AD2d 75) and must be dismissed, we would note that defendant's arguments concerning double jeopardy are meritorious. Briefly, CPL 40.30 provides that despite the commencement of a criminal trial: "if such proceedings are subsequently nullified by a court order which restores the action to its pre-pleading status or which directs a new trial of the same accusatory instrument, the nullified proceedings do not bar further prosecution of such offense under the *same accusatory instrument.*" (CPL 40.30, subd 3; emphasis added.) In the present case, the declaration of a mistrial restored the action to its prepleading status. In such a situation, a defendant can be retried under the same indictment, but not under a superseding indictment (*Matter of De Canzio v Kennedy,* 67 AD2d 111, 120-121, mot for lv to app den 47 NY2d 709). Petition dismissed, without costs. Kane, J. P., and Mikoll, J., concur; Casey, J., concurs in the following memorandum; Yesawich, Jr., and Weiss, JJ., concur in a memorandum by Yesawich, Jr., J.

Casey, J. (concurring). Although I concur in the dismissal of the petition, the proceeding is, in my view, neither jurisdictionally defective nor premature. CPLR 7804 (subd [b]) and its companion, CPLR 506 (subd [b]), are venue provisions (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 7804:2, p 505; Siegel, New York Practice, § 565, pp 790-791), and, as such, they can be waived (see *Ronco Communications & Electronics v Valentine,* 70 AD2d 773, 774). The gist of petitioner's claim is that the District Attorney lacks the authority to present the matter to the Grand Jury. Thus, petitioner seeks to prevent an officer from taking judicial or quasi-judicial action, and, therefore, an article 78 proceeding in the nature of prohibition is appropriate (see *Matter of Forte v Supreme Ct. of State of N. Y.,* 48 NY2d 179, 183-184). There is no other remedy available to prevent such action. However, where, as here, the proceeding should be commenced at Special Term, this court should refuse, as a matter of administrative convenience, to entertain the proceeding commenced here, despite the lack of an objection from any party (see Siegel, New York Practice, § 11, pp 13-14). Accordingly, dismissal of the petition is appropriate.

Yesawich, Jr. J. (concurring). Since this court is not empowered to entertain this petition as an original proceeding, it must be dismissed. As has been noted, a proceeding to prohibit a District Attorney from exceeding his authority must be brought at a Special Term of the Supreme Court (CPLR 7804, subd [b]). CPLR 506 (subd [b]) permits bringing an original article 78 proceeding in this court only if it is against "a justice of the supreme court or a judge of a county court or the court of general sessions" (see *Matter of People v Quigley,* 59 AD2d 825; *Matter of Jemzura v McCue,* 41 AD2d 859). *Matter of De Canzio v Kennedy* (67 AD2d 111, mot for lv to app den 47 NY2d 709) is not to the contrary for there a Supreme Court Justice was named as a respondent along with the District Attorney, thereby bringing the proceeding within the ambit of CPLR 506 (subd [b], par 1). Furthermore, the parties may not waive the requirements of this section because, unlike the other provisions of CPLR 506, it governs the power of this court to hear certain proceedings and is, therefore, jurisdictional in nature (see 24 Carmody-Wait 2d, New York Prac, § 145:251, p 39).