■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON FRANK, Appellant. — Judgment unanimously affirmed. Memorandum: On appeal from his conviction for burglary, second degree, and grand larceny, second degree, after a retrial, defendant contends that he was improperly denied the minutes of the first trial, to which he claims he was entitled under CPL 240.45 and *People v Rosario* (9 NY2d 286). The trial court properly determined that the transcript was not discoverable under CPL 240.45 and *Rosario* and that, because it was as available to defendant as to the prosecution, defendant had the responsibility to obtain it if he believed it necessary. Defendant, who is indigent, could have applied for a court order directing that a transcript be provided at public expense (see *People v Sanders,* 31 NY2d 463; *People v Ballott,* 20 NY2d 600; *People v Montgomery,* 18 NY2d 993). This he failed to do. The District Attorney, who had ordered a transcription of the testimony of two witnesses who were not to testify in the second trial, was not required to order a full transcript for the defendant. (Appeal from judgment of Niagara County Court, Hannigan, J. — burglary, second degree, and another charge.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and O'Donnell, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MURPHY, Appellant. — Judgment unanimously affirmed. Memorandum: Upon our review of the evidence in its totality and in the light most favorable to the People (*People v Kennedy,* 47 NY2d 196, 201-203; *People v Benzinger,* 36 NY2d 29, 32), we find the evidence, although circumstantial in nature, legally sufficient to sustain defendant's conviction. Direct evidence clearly established the assault as well as defendant's motive and opportunity to commit the larceny. The court properly instructed the jury on the law with respect to circumstantial evidence and the jury rejected the speculation that someone else could have stolen the victim's money. We have reviewed defendant's other claims of error and find them to be without merit. (Appeal from judgment of Niagara County Court, Hannigan, J. — robbery, second degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and O'Donnell, JJ.