■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LEE, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant asserts that the court erred in failing to suppress evidence of a "one-on-one" showup conducted at the scene of the crime. Although such procedure is not ideal, it is tolerated in the interest of prompt identification, especially when it is proximate in time and place to the scene of the crime (*People v Love,* 57 NY2d 1023, 1024; *People v Cole,* 100 AD2d 442, 445-446). Here the witness gave a detailed description of the perpetrator at the scene and identified defendant 20 to 25 minutes after he was apprehended. The fact that the defendant stood between two police officers was not inherently suggestive (*see, People v Brnja,* 50 NY2d 366, 372; *People v Johnson,* 102 AD2d 616, 627). Although the court erred in admitting bolstering testimony relating to the witness' prior identification (*People v Trowbridge,* 305 NY 471), strong identification evidence offered by the prosecution rendered the error harmless (*see, People v Mobley,* 56 NY2d 584, 585; *People v Crimmins,* 36 NY2d 230). (Appeal from judgment of Monroe County Court, Hyman Maas, J. — criminal possession of stolen property, second degree.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and O'Donnell, JJ.

■ In the Matter of CHESTER LELIO, Respondent, v EDWARD J. RUTKOWSKI, as County Executive of Erie County, et al., Appellants. — Judgment unanimously affirmed, with costs, for reasons stated at Special Term, McGowan, J. (Appeal from judgment of Supreme Court, Erie County, McGowan, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and O'Donnell, JJ. [127 Misc 2d 383.]