■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONI L. BRADLEY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends on appeal from a conviction of robbery in the third degree, following a retrial, that he was improperly denied the minutes of his first trial and a *Wade* hearing conducted prior to the retrial. The court properly determined that the trial transcript was not discoverable under CPL 240.44, 240.45 and *People v Rosario* (9 NY2d 286). Since the trial transcript was "as available to defendant as to the prosecution, defendant had the responsibility to obtain it if he believed it necessary" *(People v Frank,* 107 AD2d 1057). The defendant's request on the eve of the trial that the court provide him with the minutes of the *Wade* hearing was untimely *(see, People v Sanders,* 31 NY2d 463). Moreover, even if the defendant had made a timely demand, any error in proceeding with the trial without awaiting the transcription of the hearing was harmless *(see, People v Crimmins,* 36 NY2d 230; *People v Zanotti,* 30 NY2d 926).

The defendant further contends that the police conducted an illegal showup at the scene of the crime when they permitted the victim and the two eyewitnesses to view him while he was in custody. "Although such procedure is not ideal, it is tolerated in the interest of prompt identification, especially when it is proximate in time and place to the scene of the crime" *(People v Lee,* 109 AD2d 1066, citing *People v Love,* 57 NY2d 1023, 1024; *People v Cole,* 100 AD2d 442, 445-446). The circumstances surrounding the defendant's identification were not so unduly suggestive as to render the showup unreliable *(see, People v Love, supra).*

We have examined the remaining issues raised by defendant and find them to be without merit. (Appeal from judgment of Onondaga County Court, Cunningham, J.—robbery, third degree.) Present—Callahan, J. P., Doerr, Denman, Green and O'Donnell, JJ.