■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JON SCOTT FREDERICKSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends on this appeal that he was unconstitutionally seized by the police since the facts and circumstances surrounding his seizure, while concededly sufficient to support an investigatory stop, did not rise to the level of probable cause. "Probable cause exists if the facts and circumstances known to the arresting officer warrant a prudent man in believing that the offense has been committed" *(People v Oden,* 36 NY2d 382, 384), and that the one

arrested is the perpetrator *(People v Carrasquillo,* 54 NY2d 248, 254). The evidence at the suppression hearing amply met this standard. The police responded to a report of a woman screaming and arrived at the victim's apartment while the crime was still in progress. The victim gave police a description of her assailant and the police found a man's jacket and an open window in the victim's bedroom. Outside the window, there was one set of footprints in the snow leading away from the area. Upon investigating, police found defendant's wallet in the snow a short distance away. After broadcasting a description of the suspect, a police officer spotted the defendant. He matched the physical description of the suspect and was not wearing a jacket despite the fact that it was February 17th. Considering the totality of the circumstances and the facts known to the arresting officer, as well as the conclusions he is entitled to draw based upon his knowledge and his expertise in law enforcement, we agree with the suppression court that the officer had probable cause to detain defendant and transport him back to the crime scene *(see, People v Brnja,* 50 NY2d 366, 373; *cf. People v Cantor,* 36 NY2d 106, 113). The fact that defendant maintains that he was calling for help and running towards the arresting officer instead of fleeing, coupled with his asserted residence in the apartment complex, does not alter that conclusion. The existence of probable cause "must necessarily turn on the facts in each individual case" *(People v Green,* 35 NY2d 193, 195; *see also, People v Prochilo,* 41 NY2d 759, 761). In our view, the more persuasive conclusion is that it was more probable than not that defendant was the perpetrator of the crimes for which he was charged.

The circumstances surrounding defendant's identification were not so unduly suggestive as to render the showup unreliable. "Although it may be undesirable to display a suspect while he is handcuffed and standing alone, procedures that are less than ideal are tolerable in the interest of prompt identification" *(People v Johnson,* 102 AD2d 616, 627; *see also, People v Love,* 57 NY2d 1023, 1024; *People v Adams,* 53 NY2d 241, 249; *People v Bradley,* 119 AD2d 993; *People v Lee,* 109 AD2d 1066).

We have reviewed defendant's other claims and find them to be without merit. While the remark made by the prosecutor on opening violated the rule against improper bolstering of the victim's identification *(People v Trowbridge,* 305 NY 471), the court sustained defense counsel's objection and no improper bolstering testimony by police officers was introduced

in evidence at trial. The trial court's instruction to the jury adequately explained the material legal issues and its failure to marshal the evidence in this case did not deprive defendant of a fair trial *(see, People v Saunders,* 64 NY2d 665, 667; *People v Koschtschuk,* 119 AD2d 994). Although defendant had no prior criminal record, he was convicted by the jury of forcing his way into an innocent woman's apartment, striking her, ripping off her clothes and attempting to sexually attack her. These acts were properly characterized by the court as "a violent and abhorrent crime". Since the sentence imposed was within the permissible range and less than the maximum permissible, we find no abuse of discretion by the sentencing court which would warrant a modification. (Appeal from judgment of Supreme Court, Monroe County, Mark, J.—burglary, first degree, and other offenses.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Schnepp, JJ.