OPINION OF THE COURT
Robert W. Doyle, J.
For purposes of this determination, indexes Nos. 2026/86 and 2027/86 are consolidated.
Petitioner Alice A. Amrhein, the Commissioner of Social Services of the County of Suffolk, seeks an order pursuant to CPLR 7803 (2) prohibiting respondent, Ernest L. Signorelli, the Surrogate of Suffolk County, from acting in excess of his authorized powers. The petition is granted.
This court has jurisdiction over this matter pursuant to CPLR 506 and 7804 (i). While CPLR 506 (b) (1) requires special proceedings against a Justice of the Supreme Court or a Judge of the County Court be brought in the first instance in the Appellate Division in the Judicial Department where the action is triable, the CPLR is mute as to venue when a Surrogate is being sued. Recognizing the incongruity of allowing one Supreme Court Justice to review another’s activity, the Legislature gave the Appellate Division original jurisdiction over these matters. For purposes of this provision, Judges of the County Court, because they exercise plenary jurisdiction of felonies, are deemed of an equal plane with the Supreme Court Justice (see, Siegel, NY Prac § 565; Matter of People v Quigley, 59 AD2d 825). The Surrogate’s Court not being on the same statutory or constitutional plane is not considered a court of coordinate jurisdiction and a proceeding against a Surrogate may be brought in this court.
By order dated October 22, 1985, the respondent in an uncontested application for guardianship of the person and property of Maureen Robinson directed the Commissioner of Social Services of Suffolk County "to conduct a complete investigation surrounding this application, including, but not limited to, a home study of the petitioner, and to render same to the court within thirty days of the date hereof’. Thereafter, in another case, respondent in an uncontested application for the guardianship of the person and property of Helen Marie Russo and Barbara Anne Russo, by order dated December 20, 1985, directed the Commissioner of the Suffolk County Department of Social Services to "conduct a complete investigation surrounding these applications including, but not limited to, a *1009 home study of the petitioners, and to submit same within (60) days from the date hereof’.
In the first uncontested guardianship, the maternal aunt and uncle of Maureen Robinson sought guardianship letters. The infant, who is over 16, joined in the petition and all the relatives consented to the appointment. The infant’s mother, her last surviving parent, died on February 4, 1985, leaving no will.
In the second uncontested guardianship, the maternal grandparents of the infants sought guardianship letters. Joining in the petition was Helen Marie Russo, who is an infant over 14 years of age. The adult applicants were nominated as guardians in the will of Eileen Russo, who died on September 24, 1985 and was the last surviving parent.
Pursuant to SCPA 1701 the Surrogate’s Court has the power over the property of an infant and is authorized to appoint a guardian of the person, or the property, or of both, of any infant whether or not the parent or parents of the infant are living. SCPA 1705 entitled "Persons to be served” provides in pertinent part that a citation must issue to the parent or parents and, if the infant is married, to the spouse within the State and whose residence is known or, if there are none, to the grandparents who are within the county.
Further, process must issue to the person having care and custody of the infant or with whom the infant resides and, if the infant is over 14, process must also issue to the infant.
The statute also specifically recites that no process need issue to a parent who has abandoned the infant or to a parent who is deprived of civil rights or divorced from the parent having legal custody of the infant, or an incompetent or to a parent who is otherwise judicially deprived of the custody of the infant.
The SCPA does not provide for process to issue to the Department of Social Services. However, traditionally, at least in Suffolk County, a citation is routinely required to be issued to the Department of Social Services when both parents are dead and guardianship of the person or property is requested by any person, even if the petitioner is a relative within the third degree of consanguinity. Some support for issuance of a citation to the Department of Social Services can be found in Social Services Law § 398 (2). Indeed, the law confers upon the Commissioner of Social Services of the jurisdiction in which an infant is abandoned the ultimate responsibility for the care *1010 and protection of the infant (see, Matter of Fowler, NYLJ, Sept. 28, 1982, p 12, col 1 [Sur Ct, Bronx County]; Matter of Caseres, 67 AD2d 630).
In the two instances now before the court, the respondent directed the Commissioner of the Department of Social Services to make full investigation including a home study investigation where in one case a maternal grandparent, and in the other an uncle, sought guardianship letters.
After issue and service of the citation to the Department of Social Services, the Department, in each instance, reviewed the Surrogate’s Court’s file and determined that because the guardianship involved the requested appointment of a relative within the third degree of consanguinity the Department of Social Services had no interest in either matter.* The Surrogate interpreting Social Services Law § 398 (2) to require an investigation in all matters involving an "abandoned” child then directed the investigation.
Is a child whose parents are deceased and, whose relative(s) within the third degree of consanguinity applies for letters of guardianship for the person or property, "abandoned” within the meaning of the Social Services Law.
The statutory definition of abandoned child can be found in Social Services Law § 371 (2) and states: "2. 'Abandoned child’ means a child under the age of eighteen years who is abandoned by both parents, or by the parent having its custody, or by any other person or persons lawfully charged with its care or custody, in accordance with the definition and other criteria set forth in subdivision five of section three hundred eighty-four-b”.
Social Services Law § 384-b (5) (a) defines an abandoned child as a child who is " 'abandoned’ by his parent if such parent evinces an intent to forego his or her parental rights and obligations as manifested by his or her failure to visit the child and communicate with the child or agency, although able to do so and not prevented or discouraged from doing so by the agency” (emphasis supplied).
The respondent, in his orders directing the Commissioner of Social Services to make the investigations, only evaluated the *1011 first few words in defining abandonment in Social Services Law § 371. Reading the entire section (§ 371) in conjunction with section 384-b (5) (a) renders respondent’s conclusion inapposite. A deceased parent can neither evince intent to forego parental rights nor communicate with the child. Both such activities must be possible before a child can be statutorily deemed to be abandoned.
Thus, the Commissioner of Social Services, absent statutorily mandated power or duty over the children in question, cannot be directed by respondent to perform the home study investigations.
Prohibition is a remedy discretionary with the court (Matter of Hogan v Court of Gen. Sessions, 296 NY 1). It is available only where there is a clear legal right and the body or officer acts or threatens to act without his jurisdiction in a matter over which he has no power (Matter of State of New York v King, 36 NY2d 59; CPLR 7803 [2]).
Here, while there is personal jurisdiction over petitioner, subject matter jurisdiction is lacking. The Surrogate is without the power to order petitioner to perform an act which the petitioner is not statutorily obliged to perform.
Accordingly, the petition is granted.

 Social Services Law § 398 (6) provides for the supervision of various classes of children, including abandoned children, who have been cared for away from their families until they reach the age of 21 or are discharged to their own parents or relatives within the third degree or guardians or are adopted.