■ In the Matter of JASON M. LA CROSS, an Infant. PHILIP MACERO, Respondent; JOHN SCARINCIO, Appellant.—Harvey, J.

The instant appeal involves a dispute for legal guardianship of an infant between the infant's grandfather and the person with whom the infant has resided since June 1985. The infant, Jason Michael La Cross, was born out of wedlock on December 9, 1974. Jason's father, who currently resides in Florida, apparently did not maintain any contact with the child. On September 30, 1985, Jason's mother died as a result of injuries sustained in a motor vehicle accident.

In November 1985, Jason's maternal grandfather, Philip Macero, petitioned the court to be made guardian of the property and person of Jason. Macero submitted an affidavit in support of the petition in which he stated he was the child's grandfather, but provided no other reasons as to why it would be in Jason's best interest to have him appointed guardian. Macero's attorney also submitted an affidavit in support of the petition in which he stated that "it would be a hardship for [Macero and his wife] to care for the infant and probably not in the infant's best interest if he were to reside with them". He further asserted, however, that Macero was interested in supervising the potential wrongful death cause of action on behalf of the infant and managing any proceeds resulting from that litigation.

John Scarincio cross-petitioned for guardianship of Jason. At the time of the death of his mother, Jason had been living with Scarincio, his wife and two children. Apparently, the Scarincios' relationship with Jason had developed during an eight-year period when Jason and his mother lived with Scarincio's brother. Scarincio submitted an affidavit in which he stated that Jason had spent his vacations with the Scarincio family. In June 1985, Jason began living with the Scarincio family. Jason has apparently established strong emotional ties to the Scarincio family and they, in turn, treat him as a member of their family. In September 1985, shortly before her fatal accident, Jason's mother executed an affidavit surrendering care and custody of Jason to Scarincio and his wife. In support of his petition, Scarincio also submitted an affidavit from Jason's natural father. He stated that it was his wish that Scarincio be appointed Jason's guardian. He further stated that Macero had not been on good terms with Jason's mother and had never provided support to Jason.

Special Term found that "[a]ll of the parties as well as the Court recognize that it is clearly in the best interests of the child that he continue to reside with the Scarincios". However, the court further determined that guardianship of Jason's person and property should be awarded to Macero. This determination was apparently based solely on the ground that Macero was a blood relative. This appeal by Scarincio ensued.

In a proceeding to appoint a guardian for an infant, the applicable test is whether the appointment is in the best interest of the child (SCPA 1707 [1]; *Matter of Stuart*, 280 NY 245, 250; *Matter of Caseres*, 67 AD2d 630). On the record before this court, we cannot find any meaningful evidence from which it can be concluded that the appointment of Macero as guardian would be in the best interest of Jason. The affidavit submitted in support of his petition merely asserts that he was the child's grandfather and that he was interested in managing a lawsuit on behalf of the infant for his mother's alleged wrongful death.

While there is authority for the proposition that, when all things are equal, relatives of infants are preferred to strangers in applications for guardianship *(Matter of Buckler*, 96 App Div 397, 398-399; *accord*, 25 NY Jur, Guardian and Ward, § 52, at 308-311), it is quite clear from the facts presently before this court that all things are not equal. Macero has not asserted any interest in or affection for the child nor has he provided any evidence showing that he is particularly qualified to manage the child's potential lawsuit. There was no

dispute on this record that Jason's best interest would be served if he lived with the Scarincios. Having concluded this, some cogent reason must be articulated in order to show why it is in the child's best interest to place guardianship of his person and property in someone else. For example, the party with custody may not be as qualified to handle the financial affairs of the child (see, Matter of Lee, 220 NY 532, 536). Here, no reasons were provided as to why it was in Jason's best interest to have a separate guardian. Accordingly, we conclude that the order granting Macero guardianship of Jason's person and property must be reversed.

Subsequent to the argument of this case, it was learned that Scarincio was himself killed in an automobile accident. In view of this occurrence and in order to hasten final resolution of Jason's guardianship, we deem it appropriate to remit the matter to Supreme Court for further proceedings, including consideration of other petitions for guardianship that may be filed.

Order reversed, on the law and the facts, without costs, and matter remitted to Supreme Court for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Casey, Mikoll and Harvey, JJ., concur.