■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAUL SANTANA, Appellant.—Judgment unanimously affirmed. Memorandum: The suppression court properly found that there was probable cause for defendant's warrantless arrest. "Probable cause exists if the facts and circumstances known to the arresting officer warrant a prudent man in believing that the offense has been committed" *(People v Oden,* 36 NY2d 382, 384) and that the person arrested is the perpetrator *(People v Carrasquillo,* 54 NY2d 248, 254; *People v Frederickson,* 122 AD2d 580). Here, there is no question that a crime had been committed. Defendant's sole argument is that there was insufficient cause to believe that he had committed such crime. We disagree. Two officers of the Buffalo Municipal Housing Authority testified at the suppression hearing that they responded to a call of a burglary in progress. When they arrived at the scene, a neighbor told them that a man carrying a television set had just walked around the corner. The officers verified that a burglary had occurred and observed a TV stand with no TV on it in the burglarized residence. In an immediate surveillance of the area in their patrol car, they observed a man, identified as defendant, walking down the street carrying a large object that appeared to be a TV set. When they drove toward this man, he entered a driveway and came out a few seconds later without a TV set. The officers checked the driveway and discovered a TV set. When they approached the suspect to question him, he fled. They next saw defendant a short time later walking down the street and placed him under arrest. This proof sufficiently established that the police had probable cause to believe that defendant had committed the burglary, and thus the officers properly arrested defendant.

Defendant also contends that the proof at trial was legally insufficient to convict him of burglary because no one identified him as the person who committed the burglary. Where, as here, a conviction is based entirely upon circumstantial evidence, the evidence adduced at trial must be viewed in the light most favorable to the prosecution and given the benefit of every reasonable inference. The court reviewing the verdict must determine whether the trier of fact reasonably concluded that defendant's guilt was proven to a moral certainty *(People v Betancourt,* 68 NY2d 707, 709-710). Applying that standard, we conclude that the evidence was sufficient to support the trial court's verdict convicting defendant of bur-

glary and criminal possession of stolen property. (Appeal from judgment of Supreme Court, Erie County, Rossetti, J.—burglary, second degree.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.