■ The People of the State of New York, Respondent, v Richard Tchilingurian, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered November 23, 1988, convicting him of attempted rape in the first degree, assault in the second degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that he was improperly denied the minutes of the *Wade* hearing conducted six months prior to trial. We disagree. The court properly determined that the hearing transcript was not discoverable under CPL 240.45 and *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866). Since the hearing transcript was equally available to the defendant and the prosecution, the defendant had the responsibility to obtain it if he believed it necessary *(see, People v Bradley,* 119 AD2d 993; *People v Frank,* 107 AD2d 1057).

The defendant further contends that his guilt was not proven beyond a reasonable doubt in view of several inconsis-

tencies between the identification testimony of the two main prosecution witnesses and his appearance on the night of the crime, and given the alibi testimony proffered by the defense. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (see, CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit (see, CPL 470.05 [2]). Brown, J. P., Kooper, Sullivan and Harwood, JJ., concur.