■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE ASTACIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered May 2, 1988, convicting him of murder in the second degree, attempted murder in the second degree, and robbery in the first degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On November 1, 1980, a group of three to four armed men robbed the Skylark Bar and Restaurant in Queens. During the course of the robbery, the manager of the bar was killed, and a customer was wounded. Five days later, two Brooklyn police officers arrested the defendant in Kings County for criminal possession of a .25 caliber semi-automatic pistol, which was

later established to be one of the weapons used in the Skylark robbery.

The Brooklyn police officers subsequently testified before the Kings County Grand Jury in connection with their arrest of the defendant for criminal possession of a weapon in that jurisdiction. Thereafter, when the defendant was tried in Queens County for the Skylark robbery, his attorney requested the prosecutor to produce the transcript of the police officers' Kings County Grand Jury testimony as *Rosario* material. The prosecutor objected to the request upon the grounds that the Grand Jury minutes were not in his possession, and that the minutes did not, in any event, constitute *Rosario* material. We agree that the subject minutes did not constitute *Rosario* material, and accordingly, affirm the judgment of conviction.

It is settled law that only the court in charge of a Grand Jury may release testimony from the secrecy requirements of CPL 190.25 (4) *(see, Ivey v State of New York,* 138 AD2d 962; *Matter of People v Quigley,* 59 AD2d 825). Thus, at bar, only the Kings County Supreme Court had jurisdiction over the subject minutes, and the Queens Assistant District Attorney assigned to prosecute the Skylark case could not have obtained the minutes absent a court order authorizing disclosure *(see,* CPL 190.25 [4]; *Matter of Wolfe v Berman,* 40 AD2d 869; *Matter of Gold v Quinones,* 37 AD2d 618). Since defense counsel similarly had the option of seeking a court order authorizing disclosure, the Kings County Grand Jury minutes were equally available to both parties. Accordingly, it was the defendant's responsibility to seek a court order releasing the minutes from the secrecy requirements of CPL 190.25 (4) if he believed them to be necessary for the preparation of his case *(see,* CPL 190.25 [4]; *People v Tchilingurian,* 163 AD2d 436; *see also, People v Bradley,* 119 AD2d 993; *cf., People v Fields,* 146 AD2d 505).

Although the defendant may have been entitled to a missing witness charge with regard to the retired detective who was initially assigned to investigate the Skylark robbery, the court's failure to so charge was harmless since there was overwhelming evidence of the defendant's guilt and no significant probability that a contrary verdict would have resulted *(see, People v Crimmins,* 36 NY2d 230, 243; *see also, People v Fields,* 76 NY2d 761).

We have examined the defendant's remaining contentions, and find that they are either unpreserved for appellate review

or without merit. Mangano, P. J., Brown, Sullivan and Eiber, JJ., concur.