■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN CLAY, Appellant. [597 NYS2d 172] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Brill, J.), rendered November 26, 1991, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. 2964/91, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered November 26, 1991, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree under S.C.I. No. 13073/90.

Ordered that the judgment and amended judgment are affirmed.

The defendant contends that the trial court erred in refusing to grant a missing witness charge with regard to an undercover officer's so-called "ghost", who was assigned to witness the sale. Although the defendant made a prima facie showing that the uncalled officer would have had knowledge about a material issue upon which evidence was already in the case and that the witness would naturally be expected to provide testimony favorable to the party who had not called him *(see, People v Kitching,* 78 NY2d 532; *People v Gonzalez,* 68 NY2d 424), the court failed to give a missing witness charge. However, the error was harmless in light of the overwhelming evidence of the defendant's guilt, there being no significant probability that a contrary verdict would have resulted had the charge been given *(see, People v Fields,* 76 NY2d 761; *People v Astacio,* 173 AD2d 834).

In view of our determination, there is no basis for vacatur of the plea under S.C.I. No. 13073/90 *(cf., People v Clark,* 45 NY2d 432). Sullivan, J. P., Lawrence, Eiber and Santucci, JJ., concur.