■ In the Matter of BRITTINI F., a Child Alleged to be Abused and Neglected. COMMISSIONER OF THE SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; JEFFREY F., Respondent. ROBERT CARNEY, as Schenectady County District Attorney, Appellant. [597 NYS2d 528] —Weiss, P. J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered March 27, 1992, which, in a proceeding pursuant to Family Court Act article 10, *inter alia,* issued a subpoena duces tecum upon the Schenectady County District Attorney for the production of certain documents and records.

Respondent was charged both criminally and, within the context of this child abuse proceeding, with involvement in the infliction of a serious injury, i.e. a spiral fracture of the right femur, to Brittini F. during the first month and half of her life. Pursuant to Family Court Act § 254 (a), the Schenectady County District Attorney was made a party to the abuse proceeding. Thereafter, respondent moved for a subpoena duces tecum pursuant to CPLR 2307 requiring the District Attorney to produce his case file and the related Grand Jury minutes. Family Court, while generally denying pretrial production of the Grand Jury minutes, required the District *Attorney to produce and* disclose the Grand Jury testimony of all witnesses called in support of the allegations against respondent and directed the issuance of a subpoena duces tecum requiring the District Attorney to produce those items specified in CPL 240.20. On this appeal, the District Attorney contends that Family Court lacks subject matter jurisdiction

to order the release of Grand Jury minutes and that CPLR article 31, not the CPL, governs disclosure in abuse proceedings.

It is well established that Family Court, as a court of limited jurisdiction *(see, Matter of Roy v Roy,* 109 AD2d 150), lacks the jurisdiction to compel production of Grand Jury minutes *(Matter of Gold v Quinones,* 37 AD2d 618; *see, Matter of Wolfe v Berman,* 40 AD2d 869). Only the court in charge of a Grand Jury may release testimony from the secrecy requirements of CPL 190.25 (4) *(People v Astacio,* 173 AD2d 834, *lv denied* 78 NY2d 1009; *Ivey v State of New York,* 138 AD2d 962). Accordingly, Family Court erred in directing the production of the Grand Jury minutes.

We find, however, that the District Attorney's objection to the order requiring production of CPL 240.20 materials within the context of a civil child abuse proceeding to be without merit except to the extent that it directed disclosure of the Grand Jury minutes. Family Court Act § 1038 (d) provides that the provisions and limitations of CPLR article 31 apply to abuse proceedings. The District Attorney has failed to demonstrate how the items listed in CPL 240.20 are not discoverable under CPLR article 31. His objection to the issuance of a court-ordered subpoena duces tecum as compared to the use of other discovery devices is one of form over substance.

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by deleting therefrom all requirements to produce Grand Jury minutes, and, as so modified, affirmed.